PEOPLE ex rel. DAWKINS v. FROST.

(Supreme Court, Special Term, Kings County.  April 23, 1908.)

1. HABEAS CORPUS—TIME FOR APPLICATION.

Where a prisoner is legally sentenced on a first count, the legality of his sentence on a second count, to commence at the termination of his first sentence, cannot be raised pending his sentence on the first count, since even if illegal, his discharge would be improper until the termination of the first sentence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Habeas Corpus, § 47.]

2. CRIMINAL LAW—SENTENCE AND PUNISHMENT.

Under Pen. Code, § 506, providing that a person, who, having entered a building under such circumstances as to constitute burglary, commits any crime therein, is punishable therefor, as well as for the burglary, and may be prosecuted for each crime separately or in the same indictment, where burglary and larceny are committed, they may be united in one indictment, tried together, and defendant punished for each separately, one sentence to commence at the expiration of the other, pursuant to section 694, providing that, where a person is convicted of two or more offenses, the imprisonment to which he is sentenced on the second or other subsequent conviction must commence at the expiration of the first or other prior imprisonment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 3300.]

Habeas corpus by George Dawkins against Jesse D. Frost, as agent and warden of Sing Sing Prison.  Prisoner remanded, and discharge refused.

Edward J. Riley, for relator.

John F. Clarke (Peter P. Smith, on the brief), for defendant.

CRANE, J.  The relator will have to be remanded to Sing Sing State Prison and his discharge from custody refused.  There is no question raised about the sentence of the County Court upon the burglary count to state's prison for an indeterminate term of not less than four years and not more than four years and five months; but it is claimed that the additional sentence upon the second count of larceny of not less than three years and not more than three years and four months is illegal and void.  This latter sentence upon the second count is to commence upon the termination of the first, and, if it be illegal and void, the question can be raised at the termination of the first sentence, but not now.  The prisoner is legally sentenced, it must be conceded, under the first count.  Therefore his discharge would be improper, even if it were admitted that the second sentence was void.  If it be void, the prisoner can be discharged at the end of his first term.  People ex rel. Trainor v. Baker, 89 N. Y. 461.  But I do not think that the sentence upon the second count was illegal.  I consider it within the provisions of the Penal Code.

Much reliance is placed by the prisoner's counsel upon the case of People ex rel. Tweed v. Liscomb, 60 N. Y. 559, 19 Am. Rep. 211. Numerous misdemeanors were set forth in one indictment, upon which the defendant was convicted, and cumulative sentences were imposed.  This the Court of Appeals held to be bad, as he should have

109 N.Y.S.—71

been sentenced upon one count only. Section 278 of the Code of Criminal Procedure requires that the indictment must charge but one crime and in one form, except as in the next section provided. Section 279 permits the crime to be charged in separate counts as having been committed in different ways or by different means; or, where the acts complained of may constitute different crimes, such crimes may be charged in separate counts. Where the crime is charged in separate counts as having been committed in different ways and by different means, it is at once apparent that for a conviction but one sentence on one count could be imposed. So, likewise, where the acts complained of may constitute different crimes, and are therefore set forth in different counts, I doubt very much whether there could be a sentence on more than one count, or, in fact, a conviction on more than one count. The Tweed Case, supra, would be applicable, as well as section 677 of the Penal Code, in some instances. But yet the whole matter of procedure is within the power of the Legislature to regulate, so long as the defendant is not deprived of any of his constitutional privileges; and the procedure upon the charges of larceny and burglary has been specially provided for, so that these may be united in the one indictment, tried together, and the defendant, if he be found guilty of both, punished for each separately. Section 506 of the Penal Code so reads:

"A person who, having entered a building under such circumstances as to constitute burglary in any degree, commits any crime therein, is punishable therefor as well as for the burglary, and may be prosecuted for each crime, separately or in the same indictment."

Where burglary and larceny are committed, as they were in this case, the defendant could have been indicted separately for each, and, if found guilty of both, then there would certainly have been no question but what he could have been sentenced for the burglary, and also given an additional sentence for the larceny. But the two charges need not be separately tried. They can be, by the provisions of this section, prosecuted in the same indictment, which means that one jury can try both charges at the same time, and can, if the evidence so warrants, find the defendant guilty of both burglary and larceny. And, if this course be pursued, cannot the defendant be punished for each of these offenses? The section specifically says that he shall be; for it not only permits the two crimes to be prosecuted in the same indictment, but says that he who, in committing burglary, commits another crime, is punishable therefor—that is, for the other crime, as well as the burglary. The only way to punish him for that other crime —in this case, larceny—is to make the sentence on the second count or larceny charge commence at the expiration of the sentence on the first count, pursuant to section 694 of the Penal Code.

For the reasons above stated, the prisoner is remanded, and his discharge refused.