THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HERBERT COOK and Others, Appellants, Impleaded with Another.

Appeal from a judgment of the County Court of Chautauqua county, rendered on the 23d day of April, 1926, convicting certain of the defendants of the crime of assault in the second degree.

PER CURIAM. While upon the record we are convinced of the guilt of the defendants, we disapprove of the conduct of the district attorney as manifested by his cross-examination of the defendants and his reference to a plea of guilty by a codefendant. All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ. Judgment of conviction affirmed.

---

JOHN J. SCANLON, as Administrator, etc., of JOHN J. SCANLON, Deceased, Appellant, *v.* THE FIRST NATIONAL BANK OF MEXICO, N. Y., Respondent.

Appeal from an order of the Supreme Court, made at the Onondaga Special Term and entered in the Oswego county clerk's office on September 30, 1926, directing the plaintiff to serve an amended complaint.

PER CURIAM. The complaint leaves us in doubt as to the pleader's intention in respect to plaintiff's cause or causes of action. Despite its voluminous character there are obvious omissions of various matters which may have a bearing upon plaintiff's rights. How did the letter of credit come to be sent by the City Bank Trust Company to defendant? Did defendant know that plaintiff's intestate was ignorant of the terms of the letter of credit? Did defendant know what instructions were given by plaintiff's intestate to the National Bank of Commerce? Was plaintiff's intestate already obligated to take the sugar? In the absence of allegations on these points, or some of them, it is difficult to understand what duty rested upon defendant as to stopping payment on the draft. Neither is it clear what damage the negligence alleged in paragraph 12 caused plaintiff's intestate. It might merely have relieved him from his obligation to the defendant upon the draft. Some of these obscurities may be cleared up by an amended pleading. As to the number of causes of action, we are again uncertain as to the pleader's intention. The first twelve paragraphs may be taken as intending to allege a cause of action for negligence in the performance of a duty owing by the defendant to plaintiff's intestate, while the complaint as a whole may be intended to allege one for misrepresentation and fraud. It is even possible that a cause of action for breach of contract is indicated. In any event, an amended pleading should clarify the situation. And we have, therefore, determined to affirm the order which requires the service of an amended complaint with causes of action separately numbered if more than one is alleged. This, of course, permits the plaintiff to frame an amended complaint with only one cause of action if he so elects. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ. Order affirmed, with ten dollars costs and disbursements.