In the Matter of the Application of the PEOPLE OF THE STATE OF NEW YORK ex rel. GLENN W. WOODIN, as District Attorney for Chautauqua County, N. Y., for a Mandamus Order against LEE L. OTTAWAY, Individually and as County Judge of Chautauqua County, N. Y., and the COUNTY COURT OF CHAUTAUQUA COUNTY, N. Y., Impleaded with LYLE COOK and Others.

Supreme Court, Chautauqua County, March 9, 1927.

Crimes — defendants convicted in Chautauqua County Court of assault, second degree, and sentenced to State prison — pending appeal, County Court granted defendants certificate of reasonable doubt and admitted each to bail — on affirmance of conviction County Court suspended sentence on condition each defendant pay fine — Supreme Court has jurisdiction under Civil Practice Act, § 1317, to mandamus County Court to complete commitment papers as required by Penal Law, § 2193 — district attorney properly made application for mandamus — County Court has power under Penal Law, § 2188, to suspend sentence which has never been made effective by imprisonment — suspension of sentence, made at place other than at court house at county seat, proper though term at which sentences were made had been adjourned without day — mandamus denied.

This is an application by the district attorney of Chautauqua county for a peremptory mandamus order compelling the county judge, individually, and as

county judge of Chautauqua county, and the County Court of said county to complete certain commitment papers as required by section 2193 of the Penal Law and to vacate and set aside an order made by said court in reference to the sentence of three defendants who, upon being convicted of the crime of assault in the second degree in said court, were each sentenced to serve a term of not less than one year and not more than two years in Auburn State Prison. Pending the appeal from the judgment of conviction said County Court granted a certificate of reasonable doubt to each defendant and admitted each to bail. Upon the unanimous affirmance by the Appellate Division of the judgment of conviction and over the objection of the district attorney, the court reframed the sentence previously imposed and suspended sentence upon condition that each defendant pay a fine.    The fine in each instance was paid.

The Supreme Court has jurisdiction, under section 1317 of the Civil Practice Act, to mandamus the County Court in a criminal matter in which both courts have, for trial and sentence, concurrent jurisdiction.

The district attorney properly made the application herein, since it is his duty to take all steps necessary to see that criminal sentences imposed in his county are carried into effect.

Furthermore, the County Court had the power, under section 2188 of the Penal Law, to suspend execution of the sentence of each of the defendants herein which it had previously made, but which had never been carried into effect by imprisonment, since the reasonable intendment of the statute is that as long as a person sentenced to imprisonment is not imprisoned there remains with the court so sentencing the power to suspend execution of sentence.

The fact that the County Court suspended execution of sentence on each defendant in November at a place other than at the county seat does not invalidate the action of the court, though the July term of the court at which the original sentences of imprisonment were made was adjourned without day, since an adjournment of such term at which a jury is not necessary may be made to any place in the county, and particularly in view of the fact that the County Court is in session throughout the year.

Therefore, since the suspension of the execution of sentence upon each defendant was a proper exercise of the power of the County Court, this application for a peremptory order of mandamus must be denied.

APPLICATION by district attorney for mandamus order against County Court in a criminal matter.

*Glenn W. Woodin, District Attorney,* for the application.

*Lee L. Ottaway, County Judge* [*Frank H. Mott* of counsel], for the county judge and County Court of Chautauqua county, opposed to the application.

*Robert P. Galloway* and *Henry Stern,* for Lyle Cook and others.

HARRIS, J.    This is an application on the part of Glenn W. Woodin, as district attorney of Chautauqua county, N. Y., for a peremptory order of mandamus, commanding Lee L. Ottaway, individually and as county judge of Chautauqua county, N. Y., and the County Court of Chautauqua county, N. Y., to complete commitment papers as required by section 2193 of the Penal Law,

and to vacate and set aside an order made by the County Court on November 29, 1926, in reference to the sentence of Lyle Cook, Irwin Cook and Herbert Cook, who are impleaded in this matter with the said Ottaway.

The material facts considered on this application are as follows: At a term of the County Court of Chautauqua county, the three defendants Cook were convicted of the crime of assault in the second degree, and at such term and on the 23d day of July, 1926, judgment was entered under which judgment the three defendants Cook were sentenced each to serve a term of not less than one year and not more than two years in Auburn State Prison. From this judgment of conviction the defendants Cook appealed to the Appellate Division, Fourth Department, and on the 19th day of November, 1926, such judgment of conviction was unanimously affirmed by the Appellate Division (*People* v. *Cook*, 218 App. Div. 808), and a judgment, based on such affirmance, was made and entered in the County Court of Chautauqua county on the 24th day of November, 1926. On the 27th day of July, 1926, pending the appeal above mentioned to the Appellate Division, the County Court of Chautauqua county granted a certificate of reasonable doubt to the defendants Cook, and admitted such defendants to bail in the sum of $1,000 each, which bail was given. None of the defendants was ever in prison under the original sentence above referred to as being passed on the 23d day of July, 1926. Subsequent to the affirmance of the convictions by the Appellate Division, the district attorney of Chautauqua county, the relator herein, moved to estreat the bail bonds of the defendants Cook, and made such motion returnable at a term of the County Court to be held at the Salvation Army Home in the city of Dunkirk, Chautauqua county. The defendants, by a motion returnable at the term of the County Court, at the same time and place, asked the court to further consider the sentence to State prison theretofore imposed by the court on the said defendants Cook. At the return time and place of such motion, the court denied the motion of the district attorney, and granted the motion of the defendants in the following language: " The sentence of this court, as reframed at this time, is, that the sentence previously imposed of not less than a year nor more than two years, is suspended, upon condition that each of these defendants pay a fine which the court fixes at $300." Such fine was paid by each defendant.

The learned district attorney of Chautauqua county, in his moving papers herein and on the argument of this proceeding, contended that the County Court had no right to take action as regards the sentence as taken on November 29, 1926, and as above

stated, and has brought this proceeding to compel the county judge or the County Court to commit the defendants Cook to Auburn State Prison under the terms of the sentence as passed July 26, 1926.

The learned County Court, on the argument of this application, contends that this court has no power to mandamus the county judge or the County Court, and that the district attorney has no right to proceed on an application of this nature.

In disposing of this application the following questions have been presented:

1. Has the Supreme Court the power to mandamus the County Court in a criminal matter, in which matter both courts have, for trial and sentence, concurrent jurisdiction?

2. Is it proper for the district attorney to make this application?

3. (a) Has the County Court the power to suspend the execution of a sentence which it had previously made and which had never been carried into effect by imprisonment, and if so (b) was the action of the County Court, on November 9, 1926, as above stated, an exercise of such power and such a suspension of execution of sentence? and (c) was such a suspension of execution of sentence made at the proper time and place?

In reference to question 1, to wit: " Has the Supreme Court the power to mandamus the County Court in a criminal matter in which matter both courts have, for trial and sentence, concurrent jurisdiction? " the court is of the opinion that the contents of section 1317 of the Civil Practice Act, to wit: " Except where special provision therefor is otherwise made in this article, a mandamus order can be granted only at a special term of the supreme court held within the judicial district embracing the county wherein an issue of fact joined upon an alternative mandamus order is triable, as prescribed in this article," grant jurisdiction to the Supreme Court in an application similar to that now before the court. (*People ex rel. Hirschberg* v. *Seeger*, [1917] 179 App. Div. 792; appeal dismissed, 223 N. Y. 659; *Matter of Gropsey* v. *Tiernan*, [1916] 172 App. Div. 435; *Matter of Dodd* v. *Taylor*, [1926] 218 id. 862.)

In reference to question 2, to wit: " Is it proper for the district attorney to make this application? " this court is of the opinion that not only is it within the province of the district attorney to make the application herein, but that it is the duty of the district attorney to do so, and to take all steps necessary and within his ability to see that criminal sentences imposed in his county are carried into effect. (*Matter of Lewis* v. *Carter*, 220 N. Y. 8; *Matter of Dodd* v. *Taylor*, 218 App. Div. 862.)

In reference to question 3, to wit: " (a) Has the County Court the power to suspend the execution of a sentence which it had previously made and which had never been carried into effect by imprisonment, and if so (b) was the action of the County Court, on November 29, 1926, as above stated, an exercise of such power and such a suspension of execution of sentence? and (c) was such a suspension of execution of sentence made at the proper time and place? " the court has taken into consideration the following:

The reasonable inference to be drawn from the language of the County Court, at the session at the Salvation Army Home in Dunkirk, on November 29, 1926, is that the court intended to suspend the execution of the previous prison sentence.    Whether or not the authority existed for the suspension of such execution of sentence depends upon construction of section 2188 of the Penal Law.    Those portions of such section which are pertinent to this discussion are as follows:

" § 2188.    *    *    *    a court or magistrate authorized to impose sentence upon conviction of any crime not punishable by death or life imprisonment    *    *    *    may suspend sentence or impose sentence and suspend the execution of the judgment    *    *    *. No provision of this chapter or of the code of criminal procedure or of any general statute shall be construed to prevent the court or magistrate authorized to impose sentence from exercising discretion to suspend sentence or suspend the execution of the judgment    *    *    *.    Provided, however, that the imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced."

The learned County Court takes the position that the provision above quoted and which occurs at the end of section 2188 permits the imposition of sentence, and at a later date the suspension of the execution of such sentence, provided such suspension does not occur after imprisonment under such sentence has commenced.

The learned district attorney contends that the provisions of sections 482 and 546 of the Code of Criminal Procedure require that the sentence and suspension of the execution thereof be concurrent as to time, and that the proviso above quoted from section 2188 of the Penal Law has not the meaning placed on it by the learned County Court.    This court is of the opinion that the portions of section 2188 above quoted, to the effect: " No provision of this chapter or of the code of criminal procedure or of any general statute shall be construed to prevent the court or magistrate authorized to impose sentence from exercising discretion to suspend sentence or suspend the execution of the judgment or

to place on probation as hereinabove provided," mean that the requirements of sections 482, 545 and 546 of the Code of Criminal Procedure are to be subordinated to the power conferred on the sentencing court by section 2188 of the Penal Law; and this court is further of the opinion that the reasonable intendment of the proviso above quoted is that so long as a person sentenced to imprisonment is not imprisoned, there remains with the court so sentencing the power to suspend execution of sentence. It has been contended by the learned district attorney that such a power would infringe upon the powers given to the Executive of this State to reprieve, pardon and commute sentence, but this court is of the opinion that there is no such infringement, but that the power given to the sentencing court by section 2188, to suspend execution of sentence, is incidental to the court's control over its judgment until such judgments are put into execution. (*People ex rel. Holton* v. *Hunt*, 217 App. Div. 428; *People ex rel. Paris* v. *Agent & Warden State Prison*, 118 Misc. 44; *sub nom. People ex rel. Paris* v. *Hunt*, 201 App. Div. 573; 234 N. Y. 558.)

There remains for discussion the consideration of whether or not the learned County Court erred as to the time and place of such suspension in suspending execution of sentence on November 29, 1926, at the Salvation Army Home in Dunkirk, Chautauqua county, N. Y. It is conceded that the July term of County Court at which the original sentences of imprisonment were made was adjourned without day. The learned district attorney argues from this that the suspension of execution of sentence was not at the same term of court as the original sentence, and with this this court must agree with him; but in view of the fact that the County Court is in session throughout the year, and in view of the proviso above quoted from section 2188 of the Penal Law, this court is of the opinion that the cessation of the July term is of no moment in deciding this application. It is true that section 45 of the Code of Criminal Procedure provides that criminal terms of the County Court should be held at the county seat, but this court is of the opinion that an adjournment of such terms at which a jury is not necessary may be made to any place in the county, and this viewpoint of the court is based on the provisions of section 191 of the Judiciary Law. In this connection attention may be drawn to the fact that the learned district attorney moved for the estreatment of the bail bonds of the defendants herein at the same time and place that the learned County Court suspended execution of sentence of imprisonment, and it appears from the moving papers that the Salvation Army Home was the place to which the November, 1926, term of the County Court of Chautauqua

county was regu arly adjourned. Therefore, this court is of the opinion that the time and place of the holding of court and the hearing of the motion to suspend execution of sentence, to wit, at the Salvation Army Home at Dunkirk, Chautauqua county. N. Y., and 29th day of November, 1926, were proper and regular,

In view of the foregoing, this court has reached the conclusion that the suspension of the execution of sentence as stated, by the learned County Court, at the session held at the Salvation Army Home in Dunkirk, Chautauqua county, N. Y., on the 29th day of November, 1926, was a proper exercise of the powers of the County Court, and that, therefore, the application of the learned district attorney for an order of mandamus herein must be denied.

An order in accordance with the above may be, prepared and submitted to me for signature.