WILLIAM C. VOEHL and Others, Plaintiffs, *v.* TITLE GUARANTY AND TRUST COMPANY, Defendant.*

Supreme Court, New York County, May 2, 1934.

---

*Jacob Lippman*, for the plaintiffs.

*Milbank, Tweed, Hope & Webb*, for the defendant.

MILLER, J. The plaintiffs have an adequate remedy at law. There is no need for a resort to equity. In *Schank* v. *Schuchman* (212 N. Y. 352, at p. 357), Judge CARDOZO, writing for the court, said: " The plaintiffs are simply seeking to get back a sum of money paid under a contract, not affecting real estate, which they have elected to declare a nullity. To render that relief effective, it is not required that a court of equity should anathematize the closed transactions. The cause of action is at law, and the legal remedy is adequate."

In *Seneca Wire & Mfg. Co.* v. *Leach & Co.* (247 N. Y. 1, at p. 7), Judge CRANE, writing for the court, said: " As no equitable relief was required, it was inappropriate, if not impossible, for the plaintiff to maintain an action for rescission in equity. All it wanted was the return of its money." (See, also, *Dennin* v. *Powers*, 96 Misc. 252; affd., *sub nom. Dennin* v. *Finucane*, 176 App. Div. 946; affd., 227 N. Y. 606.)

As no cause of action at law is stated, in the absence of an allegation that the plaintiffs restored, or offered to restore, the certificates and the renewals thereof prior to the commencement of the action, this motion to dismiss the complaint is granted, with leave to amend within ten days from the service of a copy of this order, with notice of entry. Order signed.