E. T. C. CORPORATION, Appellant, *v.* TITLE GUARANTEE AND TRUST COMPANY, Respondent.

First Department, February 7, 1936.

*Paul Collins* of counsel [*James J. Carroll* with him on the brief; *Collins & Carroll*, attorneys], for the appellant.

*Richard S. Holmes* of counsel [*W. H. L. Edwards* with him on the brief; *Milbank, Tweed, Hope & Webb*, attorneys], for the respondent.

PER CURIAM. The general rule in an action at law for rescission on the ground of fraud that the party seeking rescission must prior to suit restore or offer to restore whatever he has received under the contract has its exception. When that which has been received is of such a character that its return at the trial or in the progress of suit will leave the defendant in as good a position as the return before suit would have done, tender at the trial is all that is required. (*Harris* v. *Equitable Life Assurance Society*, 3 Hun, 724; affd., 64 N. Y. 196; *Allerton* v. *Allerton*, 50 id. 670; *Nichols* v. *Michael*, 23 id. 264; *Gould* v. *Cayuga County National Bank*, 86 id. 75, 82, 83; *Celil* v. *Massachusetts Security Corp.*, 247 Mass. 30; 141 N. E. 580.)

In the circumstances here disclosed the tender on the trial of the non-negotiable participating mortgage certificates fully protected the defendant and placed it in as good a condition as if actual tender before suit had been made. In *Voehl* v. *Title Guarantee & Trust Co.* (155 Misc. 697; affd. without opinion, 242 App. Div. 762, and 266 N. Y. 662), chiefly relied upon by the respondent, the only

question presented or decided by this court and the Court of Appeals was whether plaintiff was properly in equity or had an adequate remedy at law. It is a well-recognized rule that in affirming, appellate courts do not necessarily adopt the reasoning or the language of the opinion at Special Term.

Nor was the plaintiff obligated to restore or offer to restore interest received under the certificates. It was entitled to retain such sum, whatever the outcome of the suit. (3 Williston Cont. § 1530; *Brennan* v. *Nat. Equitable Investment Co.*, 247 N. Y. 486, 490, 491; Restatement of the Law of Contracts, § 480, subd. 2. See Black Rescission and Cancellation [2d ed.], § 621.) It was error, therefore, to dismiss the complaint for failure to make tender of the certificates and of interest before suit.

While the respondent argues with much reason and force that plaintiff failed to show either representation or reliance, we do not feel at liberty to dispose of these questions as a matter of law. The dismissal having been granted at the close of its case the plaintiff was entitled to every fair inference.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Present — MARTIN, P. J., O'MALLEY, UNTERMYER and COHN, JJ.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.