MARY FETZER, Suing on Behalf of Herself and All Others Similarly Situated Who Shall Come in and Be Made Parties Hereto and Contribute to the Expense of the Action, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant, Impleaded with MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Defendant.

First Department, April 9, 1937.

*Richard S. Holmes* of counsel [*Harold P. Winans* with him on the brief; *Milbank, Tweed, Hope & Webb*, attorneys], for the appellant.

*LeRoy B. Iserman*, for the respondent.

GLENNON, J. The complaint, which is addressed to the equity side of the court, alleges a cause of action for the rescission of the contract of purchase of a guaranteed mortgage certificate on the ground of misrepresentation.

The defendant Title Guarantee and Trust Company asserts, and properly so, that the plaintiff has an adequate remedy at law. (*Voehl* v. *Title Guarantee & Trust Co.*, 155 Misc. 697; affd., 242 App. Div. 762; affd., 266 N. Y. 662.) In *Schank* v. *Schuchman* (212 N. Y. 352) Judge CARDOZO said: " The plaintiffs are simply seeking to get back a sum of money paid under a contract, not affecting real estate, which they have elected to declare a nullity. To render that relief effective, it is not required that a court of equity should anathematize the closed transaction. The cause of action is at law, and the legal remedy is adequate.". Again, in *Seneca Wire & Mfg. Co.* v. *Leach & Co.* (247 N. Y. 1, at p. 7) Judge CRANE said: " As no equitable relief was required, it was inappropriate, if not impossible, for the plaintiff to maintain an action for rescission in equity. All it wanted was the return of its money."

It may well be that plaintiff can spell out a cause of action at law. However, she has failed to do so. Her pleading shows that, prior to the institution of the action, she made a demand for the purchase price and offered to restore the certificate. She fails to show that she actually tendered the certificate at the time demand was made or attempted to make a tender. In other words, something more is required than a mere offer to restore. (*E. T. C. Corp.* v. *Title Guarantee & Trust Co.*, 271 N. Y. 124.) There Judge HUBBS said: " Before respondent could rescind the contract, it should have returned or have attempted to make a return of the certificates. Its letter of August 28, 1934, was not sufficient for this purpose. It stated ' we * * * hereby tender back to you certificates * * * and demand that you return to us ' the sum paid. No attempt was ever made to return the certificates. That gesture was ineffectual."

Accordingly, so much of the order as denied defendant's motion to dismiss the complaint for insufficiency should be reversed, with twenty dollars costs and disbursements, and the complaint dismissed, with leave, however, to plaintiff to serve an amended complaint within twenty days upon payment of said costs.

UNTERMYER and COHN, JJ., concur; MARTIN, P. J., and TOWNLEY, J., dissent and vote for affirmance.

MARTIN, P. J. (dissenting). The plaintiff seeks a decree in equity rescinding the sale to her of a guaranteed mortgage participation certificate. The ground for rescission is the alleged misrepresentation by the defendant title company. It is alleged that that defendant represented to plaintiff that all of the lands described in the mortgage were owned by the mortgagor therein named, and that the mortgage was a good and unincumbered first lien upon all of

said lands. It is alleged, upon information and belief, that title to certain substantial and valuable portions of the lands purported to be covered by the said first mortgage was not, at the time of the execution and delivery of the mortgage, in the mortgagor, but in certain third parties who did not execute the mortgage; that the mortgage is not, and never was, a good and valid first mortgage lien upon these portions of the lands described in the mortgage but which are owned by persons who did not execute the mortgage. It is further alleged that the defendant title company was well aware of these facts at the time it sold the mortgage participation certificate to plaintiff.

It is then alleged:

" *Eleventh.* That upon learning that the said representations aforesaid were untrue and false, the plaintiff demanded of the said defendant Title Guarantee & Trust Company that the sale of said guaranteed mortgage certificate to her be rescinded and that said defendant return to the plaintiff the purchase price of said certificate, to wit: Five thousand ($5,000) Dollars, with interest at the legal rate of 6% per annum from the date of the sale, but the said defendant refused and still refuses to rescind said sale or to return the purchase price or any part thereof to the plaintiff. At the time of making said demand upon the said defendant this plaintiff offered to return and now offers to return to said defendant the aforementioned and described guaranteed first mortgage certificate, together with all interest which has been paid thereon by the said defendant to this plaintiff."

The appellant contends that the plaintiff has an adequate remedy at law, and it is said that the complaint is similar to the complaint in *Voehl* v. *Title Guarantee & Trust Co.* (155 Misc. 697; affd., 242 App. Div. 762; affd., 266 N. Y. 662). It will be noted, however, that in the *Voehl* case the complaint alleged: " plaintiffs elect to and do hereby rescind and disaffirm the purchase of said certificate and the renewal and extension thereof and are willing and hereby offer to return to the defendant said certificate and the renewal and extension thereof." There is no allegation in the present complaint that plaintiff has elected to rescind. It is true that the plaintiff here alleges that she requested the appellant to rescind and offered to return the certificate and all interest received by her. Had plaintiff rescinded, her remedy would be an action at law. She has not rescinded, but asks for a decree adjudging the appellant guilty of misrepresentation on which rescission may be based.

The following quotation from *Bruner & McCoach* v. *Miller* (59 W. Va. 36; 52 S. E. 995) is applicable to the situation here presented:

" Rescission may be enforced in a court of law, or rather there may be a recovery of money or property in a court of law as the result of a rescission made by the parties. (24 Am. & Eng. Ency. Law, 643.) In such case the plaintiff, before suit, tenders back to the defendant the money or property which he has received under the contract and then sues for what he has parted with, and his recovery is one of money or property as the case may be. The rescission is not by the adjudication of the court, but by the act of the party himself. He is not bound, however, to pursue this course, and it is not often done in the case of written contracts. He is entitled to an adjudication, a judicial determination, of the fact of rescission. That he can get only in a court of equity."

In order for plaintiff to succeed, it will be necessary for her to establish lack of title in the mortgagor to " substantial and valuable portions " of lands purported to be covered by the mortgage. Proof of such facts is not alone essential, but establishes a cause of action in equity. Such failure of title will affect all certificate holders alike. A representative action is, therefore, appropriate.

The order appealed from should be affirmed.

TOWNLEY, J., concurs.

So much of the order as denied defendant's motion to dismiss the complaint for insufficiency reversed, with twenty dollars costs and disbursements, and the complaint dismissed, with leave, however, to the plaintiff to serve an amended complaint within twenty days from service of order, upon payment of said costs.