THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN DOE (Amended to PETER DOMKIEWICZ), MARY DOE (Amended to SAWLY JOYCE RICHARDS), RICHARD ROE (Amended to EDWARD IZYDORCZAK), Defendants.

Supreme Court, Erie County, August 30, 1938.

*Leo J. Hagerty, District Attorney [Winifred Stanley of* counsel], for the plaintiff.

*A. Stanley Copeland,* for the defendant-petitioners.

HINKLEY, J. Petitioners move to " vacate two judgments of imprisonment" rendered by this court in 1930, upon which petitioners have ever since served and now are serving prison sentences.

The indictment upon which petitioners were tried and convicted was reported to the court as against John Doe and Mary Doe. We are not concerned with that part of the indictment relating to Richard Roe. Petitioners contend that individuals of the name of John Doe and Mary Doe actually existed, and because the names were not designated in the indictment as fictitious that those individuals and not petitioners were actually indicted. Petitioners further contend that when the names of petitioners were added to the indictment, petitioners never were indicted but were tried, convicted and sentenced in violation of their constitutional right to be tried by indictment (N. Y. Const. art. 1, § 6).

The legislative language is confusing in that the word " judgment " is used synonymously with " conviction " and " acquittal " (Code Crim. Proc. § 442) and " sentence of imprisonment " (Id. § 471) and " fine " (Id. § 484) and " suspended sentence " (Id. § 470-a). The petitioners contend that the trial court was without jurisdiction of the persons of petitioners for any purpose. This motion, therefore, whatever its language, is in fact one to vacate the entire proceedings, including the convictions and sentences.

There is no authority, either statutory or by judicial precedent, which vests in this court jurisdiction to entertain this motion either to vacate the convictions or the sentences, nor does counsel for petitioners suggest any. Careful research to discover such authority has likewise failed to prove that such jurisdiction does not exist in the court. That which has been universally regarded as a fundamental principle of law naturally never has awakened discussion in text books or judicial reports. Counsel for petitioners, however well intentioned, should not bring proceedings such as this without some basis. It only raises false hopes in the minds of prisoners and other unfortunates, and may endanger that respect which courts owe to a member of the bar.

This is not a writ of habeas corpus, but a motion upon notice. One petitioner pleaded guilty and the other was tried by a jury and convicted. Both stand convicted and sentenced, and no appeal has been or could now be taken from either conviction. The term at which the petitioners were sentenced has expired.

They are no longer in the " breast of the court." ( *United States* v. *Benz,* 282 U. S. 304, 306; *Ex Parte Lange,* 18 Wall. 163; *Basset* v. *United States,* 9 id. 38; *Zimmern* v. *United States,* 298 U. S. 167, 170; *Matter of Cedar,* 240 App. Div. 182; affd., 265 N. Y. 620; 2 Bishop's New Crim. Proc. § 1298, and similar authorities.) This is not a motion to correct, modify or vacate a sentence. The prisoners are not before the court for resentence as provided in section 1943 of the Penal Law. This is not a motion asking for a modification or revocation of a suspended sentence for here are actual sentences partly served. ( *United States* v. *Murray,* 275 U. S. 347; *People ex rel. Woodin* v. *Ottaway,* 247 N. Y. 493; *People* v. *Boehm,* 176 App. Div. 401; affd., 226 N. Y. 705.) This is not an application for relief similar to an order of mandamus to require that a lower court should act. (*Matter of Moore* v. *Thorn,* 270 N. Y. 502; *Matter of Rudd* v. *Hazard,* 266 id. 302.) The petitioners herein seek to have the trial court revoke its judgment long after the court's jurisdiction in the premises has ceased. Motion denied.