THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MARCUS
THUNA, Alias MAX MARCUS, Defendant.

County Court, Kings County, May 16, 1942.

*William P. Thomas,* for the defendant, and *William O'Dwyer,
District Attorney* [*John Rooney, Assistant District Attorney,* of
counsel], in favor of motion.

*John J. Bennett, Jr., Attorney-General* [*Francis J. Cronin, Assistant Attorney-General,* of counsel], for the People, in opposition.

BRANCATO, J. The defendant was convicted upon an indictment charging two separate crimes of grand larceny, first degree, set forth in two separate counts and sentenced by this court on August 14, 1939, to serve a prison term of not less than five years and not more than ten years on each of said counts, the terms to run consecutively and not concurrently. On appeal the conviction was affirmed by the Appellate Division in February, 1940 (258 App. Div. 1082). Immediately after imposition of sentence the defendant began serving his first prison term which has not yet terminated. By this application he now asks that the execution of the second prison term be suspended. The district attorney, because of alleged important public services rendered by the defendant since his incarceration, joins in the application and requests that defendant's prayer be granted. The Attorney-General, however, objects solely on the ground that there is no authority in this court to grant the motion because the term of the court at which the sentence was pronounced has long since expired. I believe that there is merit to the application and also authority in the court to grant it.

The imposition of cumulative or consecutive sentences for two or more offenses constituting separate crimes set forth in divers counts of the same indictment, is authorized by subdivision 4 of section 2190 of the Penal Law. (*People* v. *Ingber*, 248 N. Y. 302; *People ex rel. Mullin* v. *Moore*, 248 App. Div. 944.) Such sentences are deemed separate and distinct, imposed for crimes separately committed and for which separate indictments could have been found. (*People* v. *Luciano*, 277 N. Y. 348; *People ex rel. Dawkins* v. *Frost*, 58 Misc. 618.) The language and purport of this section of the Penal Law make it obvious that the second and subsequent terms of imprisonment which a person is required to serve under consecutive sentences, do not commence until the termination of the first or prior terms to which he has been sentenced.

The authority of the court to suspend sentence or to suspend the execution of judgment is both inherent (*People ex rel. Forsyth* v. *Court of Sessions*, 141 N. Y. 268, 293; *People ex rel. Pasco* v. *Trombly*, 173 App. Div. 497; *People ex rel. Decker* v. *Page*, 125 Misc. 538) as well as statutory but cannot be validly exercised by the court after the defendant has commenced serving the prison term to which he was sentenced. " The court, judge * * * may * * * suspend sentence * * * or may impose sentence and suspend the execution of judgment. In either such case he may place the defendant on probation * * *. Provided, however, that the imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced." (Penal Law, § 2188; *Matter of Dodd* v. *Martin*, 248 N. Y. 394; *People* v. *Daibech*, 265 id. 125; *Matter of Moore* v. *Thorn*, 245 App. Div. 180; affd., 270 N. Y. 502; *People ex rel. Miseri* v. *Murphy*, 253 App. Div. 441; *Matter of Donnelly* [*Kuney-Sauter*], 168 Misc. 285.)

While there is no disputing that until a convicted defendant begins serving his prison sentence, the power of the sentencing court to reconsider and to modify said sentence remains unimpaired during the current term of the court at which the sentence was pronounced, the Attorney-General opposing the present application indicates, however, that the authority of the court to control its judgment ceases with the expiration of the term of the court, even though said judgment remains unexecuted. I cannot subscribe to this contention of the State prosecutor. The cessation of the term of the court during which it pronounces a prison sentence, so far as affecting the power of the court to modify said sentence while it remains unexecuted, is unimportant and its continuance unnecessary. (*People ex rel. Woodin* v. *Ottaway*, 129 Misc. 120; affd., 222 App. Div. 711; affd., 247 N. Y. 493; *White* v. *Steigleder*, 37 F. [2d] 858; *Matter of Edelson*, 15 F. Supp. 1086.)

In the case of *People ex rel. Woodin* v. *Ottaway (supra)* the defendants, during the July, 1926, term of the County Court of Chautauqua County, were sentenced to serve terms in State prison upon their conviction for a felonious assault. After affirmance of the judgment of conviction by the Appellate Division and before the defendants had begun serving the said prison term, the trial court modified the sentence originally imposed by suspending the execution thereof notwithstanding the opposition of the district attorney. The prosecutor subsequently applied to the Supreme Court for a mandatory order directing the sentencing county judge to revoke this modification of the sentence in question and to reinstate the original prison sentence upon the ground that, since the July, 1926, term of the County Court had expired, it was thereafter without authority to modify the sentence at a new term of the court, to wit, November, 1926. The application for the mandamus order was denied by the Supreme Court in the first instance, HARRIS, J., stating in part: " * * * the power given to the sentencing court by section 2188, to suspend execution of sentence, is incidental to the court's control over its judgments until such judgments are put into execution. (*People ex rel. Holton* v. *Hunt,* 217 App. Div. 428; * * * *People ex rel. Paris* v. *Hunt,* 201 id. 573; 234 N. Y. 558.) * * * It is conceded that the July term of County Court at which the original sentences of imprisonment were made was adjourned without day. The learned district attorney argues from this that the suspension of the execution of sentence was not at the same term of court as the original sentence, and with this this court must agree with him; but in view of the fact that the County Court is in session throughout the year, and in view of the proviso above quoted from section 2188 of the Penal Law, this court is of the opinion that the cessation of the July term is of no moment in deciding this application."

The Court of Appeals affirmed the order of the Supreme Court denying the district attorney's application for the mandamus with the following *per curiam* memorandum: " Jurisdiction to stay the execution did not expire with the term at which the prisoners were tried. Like the power to revoke the suspension, it was not confined to one term nor even to one judge, but was vested in the court (*People* v. *Bork,* 96 N. Y. 188, 198; *Moett* v. *People,* 85 N. Y. 373, 383; *People* v. *Everhardt,* 104 N. Y. 591; *People* v. *Nesce,* 201 N. Y. 111; *People* v. *Brown,* 153 App. Div. 234; *People* v. *Graves,* 31 Hun, 382; *People ex rel. Gehrmann* v. *Osborne,* 79 N. J. Eq. 430, 439). The one limitation upon the time of its exercise is stated in the statute (Penal Law, § 2188): ' The imprisonment directed by the judgment, shall not be suspended or interrupted

after such imprisonment shall have commenced ' (Cf. *United States* v. *Murray*, 275 U. S. 347, and *Cook* v. *United States*, 275 U. S. 347)."

The rule which was adopted in the *Woodin* case (*supra*) by the Court of Appeals has also been followed by the United States courts in their construction of the Federal Probation Act (43 U. S. Stat. at Large, 1259, chap. 521) whose provisions are similar to section 2188 of our Penal Law and which, in so far as they are applicable in the case at bar, read as follows: " That the courts of the United States having original jurisdiction of criminal actions, except in the District of Columbia, * * * shall have power, after conviction or after a plea of guilty or *nolo contendere* for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or the execution of sentence and to place the defendant," etc.

The case of *White* v. *Steigleder* (*supra*) upholds precisely the same principle enunciated in the *Woodin* case. The defendant, while his appeal was pending from the judgment of conviction, served a portion of the prison sentence imposed by the court affecting the first count of the indictment. He was thereafter admitted to bail and upon affirmance of the conviction by the appellate court, and although the term had expired at which the original sentence was imposed, the trial court suspended execution of the second group of prison terms affecting other counts of the same indictment and which, according to the original sentence, the defendant was required to serve immediately upon finishing the first prison term. The defendant was placed on probation. This modification of the sentence by the sentencing court was later approved by the Circuit Court of Appeals in the following language: " Nor is the objection tenable that probation is not grantable after the sentence term, as the power is broadly authorized after conviction or plea, and its exercise neither vacates nor modifies the judgments of conviction. *Nix* v. *James*, (C. C. A.) 7 F. (2d) 590; *Kriebel* v. *United States*, (C. C. A.) 10 F. (2d) 762; *Ackerson* v. *United States*, (C. C. A.) 15 F. (2d) 268; *United States* v. *Young*, (D. C.) 17 F (2d) 129; *United States* v. *Davis*, (D. C.) 19 F. (2d) 536, *United States* v. *Gargano*, (D. C.) 25 F. (2d) 723. * * * And assuming there was a partial service of the sentence, it was necessarily for the separate offense charged in count 1 of the indictment, and not for the different offenses charged in the remaining counts wherein sentence was deferred until the expiration of sentence on the first count. Clearly, sentence had not begun under the counts affected by the probation order."

In *Matter of Edelson* (*supra*) the defendant was sentenced to serve several prison terms by the District Court for the Middle

District of Pennsylvania, to commence, however, " at the expiration of a sentence by the District Court of the United States for the Southern District of New York now being served by the defendant." While still serving the prison sentence imposed by the New York District Court and after expiration of the original term of the Pennsylvania court at which the additional prison sentence had been pronounced, the latter court granted the defendant probation, that is to say, suspended the execution of its sentence and placed the defendant on probation. When petitioned to review this action, the court said: " Under the Probation Act (18 U. S. C. A. § 724 *et seq.*) the court has the power to grant probation even after the expiration of the term at which the defendant was sentenced, provided the defendant has not begun service of the sentence. *Nix* v. *James*, (C. C A.) 7 F. (2d) 590; *Kriebel* v. *United States*, (C. C. A.) 10 F. (2d) 762."

In *Matter of Cedar* (240 App. Div. 182; affd., 265 N. Y. 620) the decision to which the Attorney-General refers us is not decisive of the issue herein involved nor does it negative the underlying principle explicitly sustained by our Court of Appeals in the *Woodin* case and by the United States Court of Appeals to the effect that a sentencing court retains the authority to reconsider and to modify its legally imposed prison sentence even after the expiration of the term of the court at which said sentence was pronounced, provided that no part of the sentence has been served before the modification. In the *Cedar* case the court was asked to modify a life sentence of which the defendant had already served four years, but because of this part execution of the sentence, the Appellate Division held that " under the decisions, as we understand them, where the sentence has been put into execution, the court cannot, even during the term or session of the court at which the sentence was pronounced, modify, amend or revise it in any way. (*Ex parte Lange*, 85 U. S. 163, 167; *United States* v. *Murray*, 275 id. 347, 358; *United States* v. *Benz*, 282 id. 304, 306, 307.) "

By this decision the Appellate Division but reaffirmed the principle so often enunciated that a legal sentence *once executed*, is no longer within the control of the trial court to modify even during the same sentence term of the court. The question, however, as to whether or not a trial court forfeits control of its *unexecuted* sentence because of the expiration of the term of the court at which it was pronounced, was therein purely academic and not the issue directly involved in the decision of the court. There was no claim in this case that the sentence imposed by the Court of General Sessions upon the defendant Cedar was *unexecuted* and hence, any dicta purporting to affect the power of the trial court to retain control

of an *unexecuted* sentence was obiter and of no moment in the determination of the issue before the appellate court.

Nor can it be effectively argued that because the Court of Appeals affirmed the *Cedar* case, it, therefore, approved the obiter pronouncement of the Appellate Division which constitutes the Attorney-General's opposition to this motion. The affirmance by the Court of Appeals was without opinion and hence, while it sustained the result reached by the Appellate Division, it does not conclusively follow that the high court also adopted the reasoning or opinion of the court below in its entirety. (*Adrico Realty Corp.* v. *City of New York*, 250, N. Y. 29; *Comr. of Welfare of City of New York* v. *Jackson* 265 id. 440; *E. T. C. Corp.* v. *Title Guarantee & Trust Co.*, 246 App. Div. 226.) The applicability of this principle seems all the more impelling when considered in the light of the specific decision of the Court of Appeals in the *Woodin* case (*supra*).

The decision in the case of *People* v. *Doe* (*Domkiewicz*) (168 Misc. 679), to which the Attorney-General also refers, is of no greater moment to sustain his contention herein advanced than the *Cedar* case. The controlling factor upon which both decisions are based is the fact that the prison sentences which the court was asked to modify were *executed* sentences, the defendants having served several years of the prison term thereby ordained. In the case at bar the prison term imposed for the commission of the crime alleged in the second count of the indictment has not yet begun and does not commence until the termination of the prison term for the separate crime charged in the first count of said indictment.

Defendant's motion is, therefore, granted. An order may be submitted forthwith for the production of the defendant on June 1, 1942, to be resentenced by this court in accordance with this decision.