Raymond E. Aldrich, Jr., J.
By decision dated August 12, 1971, this court directed an evidentiary hearing to determine whether a copy of the Grand Jury minutes delivered to the defendant by the District Attorney was a complete and accurate copy of the evidence elicited before the Grand Jury, which indicted her for the crime of murder, and the hearing has commenced.
The People now move that the testimony of the official Grand Jury stenographer, namely, Harry B. O. Vosburgh, be taken at his residence at 2 Daniels Court, Poughkeepsie, New York, *277 rather than require his personal appearance in the courtroom where this court ordinarily conducts trials. In support of the application the People have presented to the court the affidavit of Harry B. 0. Vosburgh verified October 27, 1971 and the affidavit of Eugene Koloski, M. D. sworn to October 28, 1971. The defendant opposes the application to take the testimony of this witness in a place other than in the courtroom, and submits a reply and supplemental reply affirmation of her attorney verified October 28, 1971, and November 1, 1971.
Upon this motion two questions are presented, firstly, whether this court has the power to cause the testimony of the witness Vosburgh to be taken at his residence rather than in the courtroom, and secondly, if the first question is answered in the affirmative, then, whether this court under the circumstances presented should take such witness ’ testimony at his residence.
A Criminal Term of the Dutchess County Court was duly designated and appointed to be held at the courthouse in the City of Poughkeepsie commencing October 4, 1971 (Code Crim. Pro., § 45, omitted from CPL, eff. Sept. 1, 1971; Judiciary Law, § 190-c), and the term was called and began on that day.
Traditionally, the trials of criminal actions are conducted in the courthouse, and in the courtroom assigned to that purpose, such being the place pursuant to statute.
However, the Legislature in its wisdom has authorized the County Court to adjourn a term of its court to any place within the county ‘‘ for the hearing and decision of motions and appeals, and trials and other proceedings without a jury ” (Judiciary Law, § 190-d).
The considered judgment of this court is that the evidentiary hearing now held is within the purview of the above-stated statute, and accordingly, the court has the power to adjourn this evidentiary hearing, held without a jury, to any other place within the county, including a private residence, providing that the circumstances warrant the same. (See Matter of People ex rel. Woodin v. Ottaway, 129 Misc. 120, affd. 222 App. Div. 711, affd. 247 N. Y. 493, rearg. den. 248 N. Y. 527; People ex rel. Weick v. Warden of City Prison, 117 App. Div. 154, affd. 188 N. Y. 549; People v. Pisano, 142 App. Div. 524; 15 C. J., Courts, §§ 264, 266; 21 C. J. S., Courts, § 164.)
The power of this court to adjourn this hearing under conditions above indicated to a place other than the courtroom should be carefully and cautiously exercised in order to preserve our fundamental concept that criminal matters, in the protection of the rights of the People and a defendant, should be aired in the public forum.
*278 The defendant’s attorney avers and affirms that the witness Vosburgh is ambulatory, is able to drive a motor vehicle on the public highways, has attended physicians ’ offices, St. Francis Hospital, and the social security office in Poughkeepsie, and such allegations are not refuted by the People’s papers presented to this court upon this motion, and accordingly, this court cannot hold that the witness Vosburgh’s appearance would be so deleterious to his health so as to excuse his presence in the courtroom. While the witness Vosburgh has undoubtedly sustained physical disability, the total record now before this court does not establish that he should testify in his own residence rather than in the courtroom.
The motion to have the court adjourned to the residence of the witness is denied at this time for the foregoing reasons.