David J. Roman, Esq. Town Attorney, Minetto
You have asked whether one person may serve simultaneously as a member of the town board and as the town zoning and code enforcement officer.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Your question involves the compatibility of the office of town board member with an appointive office in town government. The town board is both the administrative and legislative arm of town government. In such capacity, appointive officers of the town are under the supervision and direction of the town board. The board would be responsible for the determination of compensation paid to persons holding such positions and would evaluate job performance. Thus, it appears that one position would be subordinate to the other, establishing incompatibility (1984 Op Atty Gen [Inf] 84; 1981 Op Atty Gen [Inf] 181).
Furthermore, appointment of a board member as zoning and code enforcement officer is contrary to the common law rule that an appointing body may not appoint one of its own members to a public office (Wood v Town ofWhitehall 129 Misc. 124 [Sup Ct, Washington Co], affd 206 App. Div. 786
[3d Dept, 1923]; see, 1981 Op Atty Gen [Inf] 172, 181).
We conclude that a member of the town board may not also serve as the town's zoning and code enforcement officer.