## SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

### May 24, 1922.

## THE PEOPLE EX REL. JOSEPH A. PARIS v. WILLIAM HUNT, WARDEN.

(201 App. Div. 573.)

CRIMES—SUSPENSION OF SENTENCE—SENTENCE TO STATE PRISON FOR INDETERMINATE TERM WITH MINIMUM OF TWO YEARS AND SIX MONTHS—PROVISION IN SENTENCE THAT AFTER ONE YEAR PRISONER IS TO BE RETURNED TO COURT FOR FINAL DISPOSITION IS INVALID AS VIOLATION OF PENAL LAW, § 2188, RELATNG TO SUSPENDED SENTENCES.

A provision in a judgment and sentence of one convicted of a felony, who was sentenced to an indeterminate term in a State prison the minimum of which was fixed at two years and six months, that ''After serving

one year of the aforesaid sentence, the defendant is to be returned to the County Court of Bronx County for final disposition,'' is invalid as a violation of section 2188 of the Penal Law, relating to the suspension of a sentence, which provides that ''the imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced.''

APPEAL by the defendant, William Hunt, as Agent and Warden, etc., from an order of the Supreme Court, made at the Washington Special Term and entered in the office of the clerk of the county of Washington on the 27th day of January, 1922, directing the return of the relator to the sheriff of Bronx county and to the County Court of said Bronx county, there to be dealt with in accordance with the provisions of the judgment under which the relator has been detained.

*Charles D. Newton, Attorney-General (Henry C. Henderson, Deputy Attorney-General,* of counsel), for the appellant.

*Fabricant & Collings (Frank H. Cronkhite* and *Louis Fabricant,* of counsel), for the respondent.

VAN KIRK, J.:

The defendant was indicted for assault in the second degree, pleaded guilty and was sentenced November 19, 1920.   The return to the writ shows that the judgment and sentence were in the following language:

" Whereupon it is ordered and adjudged by the Court, that the said Joseph A. Paris for the felony aforesaid whereof he is convicted, be imprisoned in the State Prison at Sing Sing at hard labor, under an indeterminate sentence, the maximum of such imprisonment to be five years and —— months, and the minimum thereof two years and six months.

" After serving one year of the aforesaid sentence, the defendant is to be returned to the County Court of Bronx County for final disposition.

" [SEAL.]                                   ROBERT L. MORAN,
                                                     " Clerk."

There was an indorsement upon the commitment as follows:

" State Prison at Sing Sing. Indeterminate. Maximum Five Years. Minimum Two Years & Six Mos. After serving one year of the aforesaid sentence, to be returned to the County Court of Bronx County."

There is no traverse of the return. We must accept the foregoing order and sentence as the sentence of the court.

In section 2188 of the Penal Law it is provided: " The court * * * may suspend sentence or impose sentence and suspend the execution of the whole or a part of the judgment * * *. No provision of this chapter or of the Code of Criminal Procedure or of any general statute shall be construed to prevent the court or magistrate authorized to impose sentence from exercising discretion to suspend sentence or suspend the execution of the whole or a part of the judgment or to place on probation as hereinabove provided." This section of the Penal Law was amended by chapter 568 of the Laws of 1920, which took effect May 5, 1920, prior to the imposition of this sentence, as follows: " Provided, however, that the imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced." The Attorney General waives any constitutional question, and the decision is controlled by section 2188, as amended.

The judgment and sentence was for a period of five years maximum and two years and six months minimum. The added clause makes no other or further disposition as to the length of the term, but simply provides that the defendant shall be returned to the County Court of Bronx county for final disposition, that is, for a disposition to be made one year after the imprisonment has begun. We are not called upon to determine the meaning of the amendment further than to hold that after a sentence has been imposed and imprisonment thereunder has commenced, the court shall not suspend or interrupt the imprisonment directed by the judgment. Under the record

here it must be held at the time the sentence was imposed and before the imprisonment began there was no modification of this judgment affecting the term of imprisonment imposed, and that any other disposition which could be made in the County Court of Bronx county on producing the defendant there would be a disposition modifying the judgment at that time, after the imprisonment had commenced. Such action, we think, is forbidden by the amendment. In making this disposition of the case we have considered the second paragraph of the judgment as a part of it.

The order appealed from should, therefore, be reversed and the prisoner remanded.

All concur.

Order reversed and prisoner remanded.