Submitted on briefs October 2, petitioner discharged October 16, 1923.

## RE APPLICATION OF RALEIGH MATTHEWS.

### (219 Pac. 194.)

**Criminal Law—Judgment of a Justice of the Peace in Criminal Action must be Certain.**

1. A judgment of a justice of the peace imposing imprisonment in a criminal case must be certain, and not contingent or alternative.

**Criminal Law—Justice of the Peace not Empowered to Parole Offender, or Suspend Operation of Judgment by Making Its Operation Dependent on Future Event.**

2. A justice of the peace has no power to pronounce a judgment and afterwards parole the offender, or to suspend the operation of the judgment by making its operation dependent on some future event.

**Criminal Law—Judgment Pronounced by Justice of Peace Suspending Sentence Held Void for Uncertainty.**

3. Judgment of justice of the peace, imposing fine and sentencing a defendant to confinement in the county jail for a specified period, but suspending such sentence "during defendant's good behavior," *held* void for uncertainty, but separable, so that defendant, on payment of fine, was entitled to discharge.

**Habeas Corpus—Recital of Contents of Affidavit in Writ Does not Indicate That Court Accepts Statements as true.**

4. Recital of contents of affidavit in writ of *habeas corpus* does not indicate that court accepts such statements as true.

Original proceedings in *mandamus*.

2. Power of court to suspend sentence or stay execution of sentence, see notes in 26 A. L. R. 399; 33 L. R. A. (N. S.) 112; 39 L. R. A. (N. S.) 242; L. R. A. 1915C, 1169; L. R. A. 1918C, 551.

In Banc.

PETITIONER DISCHARGED.

For petitioner there was a brief over the name of *Messrs. Reames & Reames.*

*Contra,* there was a brief over the names of *Mr. Rawles Moore,* District Attorney for Jackson County, and *Mr. O. C. Boggs, Amicus Curiae.*

McBRIDE, C. J.—On July 10, 1923, Raleigh Matthews was convicted, on his plea of guilty, of the crime of unlawfully possessing intoxicating liquor and judgment and sentence were pronounced upon him as follows:

"The above named Rolly Matthews having been brought before me on a criminal charge of unlawfully possessing intoxicating liquor, and having pleaded guilty;

"I therefore sentence said Rolly Matthews to pay a fine of $250, including costs; or in default thereof that he be confined in the County Jail for the period of 125 days; and I further sentence him to be confined in the County Jail for the period of thirty (30) days, but it is hereby ordered said jail sentence be and stand suspended during defendant's good behavior."

The petitioner paid the fine and was not committed to jail. On September 19, 1923, on an affidavit that petitioner had been drunk and had used indecent language, the justice, without giving him an opportunity to be heard, ordered him to be committed to jail and because of this commitment and imprisonment, which he claims to be unlawful, he sues out this writ of *habeas corpus.*

1–3. The judgment of a justice of the peace imposing imprisonment in a criminal action must be

certain and not contingent or alternative. He has no power to pronounce a judgment and afterwards parole the offender; much less has he power, as in this instance, to suspend the operation of a judgment by making its operation depend upon some future event. The judgment was ineffectual as a parole sentence, and was void for uncertainty as to the imprisonment. It is to be remembered in this case that the suspension of the operation of the judgment was a part of the judgment itself,—not an attempted parole after judgment. In effect, the judgment adjudicates that if, the defendant behaves himself properly, the judgment shall be ineffectual, but if at any time during his life he shall misbehave or shall fail to come up to the court's standard of good behavior he shall serve thirty days in jail. Such a sentence lacks all the elements of certainty and is absolutely void. The judgment in this case is separable, and the petitioner, having paid his fine, should be discharged from custody.

4. The petition contains the usual charges of conspiracy among the public officials to deny him relief in the local courts, but these charges are unsupported by any reputable proof. The recital of the contents of the affidavit in the writ, which is merely following the usual form in such cases, by no means indicates that the court accepts all these statements as true; but such a recital is the common form in all writs of *habeas corpus, quo warranto* or injunction proceedings. The writ was issued upon matters appearing in the petition, borne out by the record submitted at the same time, and which are of such public and general importance as to authorize us to take immediate cognizance of them. Especially do we take cognizance of these matters, as it is apparent

that the remedy by review or appeal could not be prosecuted within such a time as to afford the petitioner adequate relief, even conceding, as we do, that officials in Jackson County would act in entire good faith; and in view of the fact that justices of the peace are exercising the power of parole frequently, no doubt in good faith, believing they have a right to do so, and are pursuing the equally unauthorized practice of suspending a sentence after it has been pronounced.

We wish to impress upon the minds of magistrates that it is their duty, when a defendant is convicted of violation of the liquor laws, or of any other crime, immediately to pronounce a direct and certain sentence, such as they deem adequate to punish the offense committed and to prevent others of like nature; and, having done so, their duties are at an end, leaving the matter of mitigation of the punishment to the executive authority, where it properly belongs: *In re Webb,* 89 Wis. 354 (62 N. W. 177, 46 Am. St. Rep. 846, 27 L. R. A. 356).

The petitioner is discharged.

PETITIONER DISCHARGED.

BROWN, J., Dissenting.—I dissent from that part of the opinion by our learned Chief Justice wherein he holds that the judgment imposing a jail sentence upon the defendant Matthews is void for uncertainty.

The sentence provides that Raleigh Matthews shall "pay a fine of $250, including costs; or, in default thereof, that he be confined in the county jail for the period of 125 days; and I further sentence him to be confined in the county jail for the period of 30 days * * ."

Thus far, the judgment is plain, unambiguous and certain. In short, it requires the defendant to pay

a fine of $250 and to be imprisoned in the county jail for a period of 30 days. Now follows, in the same sentence of the court's judgment, an order suspending the execution of the jail penalty, pending the defendant's good behavior. It reads:

" * * but it is hereby ordered said jail sentence be and stand suspended during defendant's good behavior."

This language constitutes no part of the sentence: *State* v. *Hatley,* 110 N. C. 522 (14 S. E. 751). The order is void. But a void order of suspension of a valid judgment should not render void the judgment itself.

It is basic law that the sentence in every criminal cause should be definite and certain and should not rest upon any condition whatsoever.

This defendant was convicted for the violation of a penal statute. It is mandatory that punishment shall be inflicted. The court is required to pronounce the penalty, but is not empowered to pardon or reprieve, conditionally or otherwise. The defendant was sentenced by a competent court, on account of the commission of a specific crime triable within the jurisdiction of the court, to pay a certain sum of money and to serve a given number of days in the county jail. What is indefinite about that?

The only error in the proceedings lies in the order of suspension. While there is much conflict among the decisions, the burden of authority is to the effect that no court, without a special statutory provision, has the power to suspend sentence, or execution thereof, indefinitely: *Ex parte United States,* 242 U. S. 27 (61 L. Ed. 129, Ann. Cas. 1917B, 355, L. R. A. 1917E, 1178, 37 Sup. Ct. Rep. 72). See notes in

33 L. R. A. (N. S.) 112; 39 L. R. A. (N. S.) 242; L. R. A. 1915C, p. 1169.

Under the facts in this case, the case of *Fuller* v. *State,* 100 Miss. 811 (57 South. 806, Ann. Cas. 1914A, 98, 39 L. R. A. (N. S.) 242), is much in point. In that case it was held that a convict who had assented to a void provision in his sentence suspending it pending good behavior cannot take advantage of its invalidity when the sentence is sought to be enforced against him, nor of the fact that the original term of sentence had elapsed. There are, however, decisions to the contrary.

In this case the sentence has not been satisfied by the expiration of time, because a sentence of imprisonment in the county jail, under the provisions of our Code, ''commences from the day of his delivery at such prison to the proper officer thereof, and no time during which such person is voluntarily absent * * can be estimated or counted as a part of the term for which such person was sentenced.'' Or. L., §§ 2378, 2383; 3 Wharton Crim. Proc. (3 ed.), § 1867. Also see list of authorities to like effect in *Fuller* v. *State, supra.*