Argued June 22, affirmed July 13, 1926.

HENRY D. KEYES *v.* LEVI CHRISMAN, SHERIFF.

(247 Pac. 807.)

Criminal Law—Time Defendant was Permitted to Spend at Home Before Beginning Jail Sentence cannot be Counted as Part of Term for Which He was Sentenced (§§ 2378, 2383, Or. L.).

Time defendant was permitted to spend at home in another county before beginning jail sentence could not be counted as part of term for which he was sentenced, and term did not commence till day of his delivery to sheriff for purpose of serving it, in view of Sections 2378, 2383, Or. L.

Criminal Law, 16 C. J., p. 1372, n. 49.

From Wasco: FRED W. WILSON, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. R. R. Butler.*

For respondent there was a brief and oral argument by *Mr. Francis V. Galloway,* District Attorney.

RAND, J.—This appeal is from a judgment of the Circuit Court for Wasco County dismissing a writ of *habeas corpus.* The material facts are as follows: On November 28, 1923, the petitioner in a Justice's Court entered a plea of guilty to the charge of unlawfully possessing intoxicating liquor. The

judgment and sentence pronounced in the Justice's Court was, that he pay a fine in the sum of $250 and that he be imprisoned in the county jail of Wasco County for a period of twenty days. After said judgment and sentence had been duly pronounced and docketed, petitioner paid said fine and was then permitted by the Justice's Court, to go to his home in another county upon his promise to return and to commence serving said sentence on January 8, 1924. Upon said last-named date, instead of submitting himself to the sheriff for imprisonment in satisfaction of said judgment and sentence, he sued out said writ, contending that since the term for which he should have been imprisoned had expired, that part of the judgment and sentence imposing imprisonment had become invalid and of no effect, and he makes the same contention here.

The question presented is wholly controlled by statute. Section 2378, Or. L., provides that: "When a person is sentenced to imprisonment in the penitentiary, his term of confinement therein commences from the day of his delivery at such prison to the proper officer thereof, and no time during which such person is voluntarily absent from such penitentiary can be estimated or counted as a part of the term for which such person was sentenced." And Section 2383 provides that: "The commencement and termination of a sentence of imprisonment in the county jail is to be ascertained by the rule prescribed in Section 2378 * * ." Under the plain provisions of these statutes, the time during which the petitioner voluntarily absented himself from the county jail cannot be estimated or counted as a part of the term for which he was sentenced, and his term of confine-

ment will commence upon the day of his delivery to the sheriff at the county jail for the purpose of serving said sentence.

The facts of this case do not bring it within the rule announced in *Ex parte Matthews,* 109 Or. 88 (219 Pac. 194). There the judgment and sentence was, that the defendant pay a fine in the sum of $250 and be confined in the county jail for the period of thirty days. Appended to which and made a part of the judgment as made and docketed was the following order, "but it is hereby ordered said jail sentence be and stand suspended during defendant's good behavior." Under that state of fact, the fine having been paid, the court held: "The judgment was ineffectual as a parole sentence, and was void for uncertainty as to the imprisonment. It is to be remembered in this case that the suspension of the operation of the judgment was a part of the judgment itself, not an attempted parole after judgment. * * Such a sentence lacks all the elements of certainty and is absolutely void." Since the fine had already been paid in that case, this court, of course, was referring only to the imprisonment part of the judgment as being void, as that was the only part of the judgment which could have been affected by the void parole order. The facts in this case are so entirely dissimilar, that what was said in the majority opinion in that case has no application to this.

The judgment dismissing the writ will, therefore, be affirmed.                                    AFFIRMED.

MCBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.