THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR HOLTON, Respondent, *v.* WILLIAM HUNT, as Warden of Great Meadow Prison, Appellant.

Third Department, July 2, 1926.

Crimes — sentence — defendant, first offender, was sentenced in 1923 for indeterminate sentence from five to ten years — at same time court ordered that on January 1, 1926, execution be suspended and defendant be placed on probation for balance of term — said order violates Prison Law, § 214, and is not authorized by Penal Law, § 2188 — said order is void, surplusage and ineffective — relator will not be released from custody.

The relator, who was convicted in 1923 of the crime of grand larceny in the first degree as a first offender, and was sentenced under section 2189 of the Penal Law to Sing Sing prison under an indeterminate sentence of from five to ten years, is not entitled to be released from prison under an order made by the court at the time sentence was imposed, to the effect that on January 1, 1926, execution of the sentence should be suspended and the defendant placed on

probation, for the order is void since it constitutes a violation of section 214 of the Prison Law and is inconsistent with the sentence imposed, inasmuch as it authorizes the release of the prisoner in less than five years.

The order is not authorized by section 2188 of the Penal Law, for that section, which regulates the suspending of sentences, distinctly provides that the imprisonment directed by the judgment shall not be suspended or interrupted after such imprisonment shall have commenced. Therefore, while the sentence may be suspended at the time it is imposed, it cannot be suspended or interrupted by an order made at that time or thereafter.

COCHRANE, P. J., dissents, with opinion.

APPEAL by the defendant, William Hunt, from an order of the Special Term of the County Court of the county of Washington, entered in the office of the clerk of said county on the 16th day of January, 1926, sustaining a writ of habeas corpus discharging the prisoner from imprisonment.

*Albert Ottinger, Attorney-General [Henry C. Henderson* of counsel], for the appellant.

*Arthur Holton* in person [*Edward G. Griffin* of counsel], for the respondent.

H. T. KELLOGG, J. The relator was convicted in the County Court of Kings county of the crime of grand larceny in the first degree. He had never before been convicted of a crime punishable by imprisonment in a State prison. It was, therefore, the duty of the court to impose an indeterminate sentence. (Penal Law, § 2189.) The County Court in which the conviction was had, and before which the relator was arraigned, on the 7th day of May, 1923, passed sentence wherein it adjudged that the relator " be imprisoned in the State prison at Sing Sing, at hard labor, under an indeterminate sentence, the maximum of such imprisonment to be ten years and the minimum thereof five years." The judgment, in so far as it so provided, was in strict compliance with the law. Under it the relator at the end of five years would have become eligible to parole by the Parole Board of the State. That Board would then have become empowered to release the relator from imprisonment provided it should determine that there was " reasonable probability " that the relator would " live and remain at liberty without violating the law." (Prison Law, § 214.) If paroled, the relator would still have remained " in the legal custody and under the control of the agent and warden of the State prison " from which he was paroled until the maximum term specified in the sentence had expired. (Id.) The difficulty with the judgment was that after providing for an indeterminate sentence, as above quoted, it continued to provide as follows: " It is further ordered by the court that on January first, 1926, execution of

sentence shall be suspended and defendant placed on probation for the balance of said term." Assuming that this was a valid provision it would have had the effect of releasing the relator at the end of less than three years, rather than at the end of five years, as provided by the preceding clause of the judgment. Moreover, the relator would have been so released regardless of his conduct while in prison and regardless of the question of " reasonable probability " that he would " remain at liberty without violating the law." Again, he would have been released in charge of a local probation officer. He would not have remained " in the legal custody and under the control of the agent and warden " of the prison from which he might be released. The provision, therefore, would have had the effect of rendering completely nugatory the indeterminate sentence which had been pronounced. It would have constituted a sentence which the County Court was not authorized to pass upon the relator, a first offender. It is argued that the effect of the provision was merely to provide for the suspension of the indeterminate sentence pronounced. The argument fails to take note of the difference between the power of a court to suspend sentence and the power to grant a pardon which resides in the executive. The former is a power to withhold the pronouncement of a judgment or to delay its execution. It is not a power to terminate or interrupt an imprisonment the service of which has once begun. Thus in *People ex rel. Forsyth* v. *Court of Sessions* (141 N. Y. 288, 294) the Court of Appeals, through O'Brien, J., said: " The suspension of the sentence simply *postpones* the judgment of the court temporarily or indefinitely * * *." Whereas of a pardon the court says: " It *releases* the punishment and blots out of existence the guilt * * *." It was said by Russell, J., in *People ex rel. Dunnigan* v. *Webster* (14 Misc. 617): " A suspension means an interregnum of the period between conviction and final judgment." In *People ex rel. Hirschberg* v. *Seeger* (179 App. Div. 792) it was said: " Until judgment is pronounced, the case is still *sub judice;* and, unless otherwise provided by law, the court has power to *defer* the imposition of the judgment, or, in other words, suspend sentence." Again, it was said: " This distinction is plainly set forth in the *Forsyth Case* (supra). The difference between the judicial power to *postpone* pronouncing judgment, and the executive power to *relieve* from a sentence passed, lies at the base of that decision." (The italics employed in these citations are mine.) The statute law in relation to suspensions of sentence declares the common law and emphasizes the distinction. Thus section 2188 of the Penal Law, as amended by chapter 568 of the Laws of 1920, in effect at the time of this sentence, provided that " a

court or magistrate authorized to impose sentence upon conviction of any crime not punishable by death or life imprisonment * * * may suspend sentence or impose sentence and suspend the execution of the whole or a part of the judgment and may in either case place the defendant on probation in accordance with the provisions of section eleven-a of the Code of Criminal Procedure." The power thus declared or conferred was made subject to the following proviso: " Provided, however, that the imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced." It is argued that the proviso was directed against an order of suspension made subsequently to the judgment. It will be observed, however, that the proviso did not state that a sentence " shall not be subsequently ordered suspended " but that it " shall not be suspended or interrupted after such imprisonment shall have commenced." Thus the bar was against the subsequent suspension or interruption, by whatever order, whether prior or subsequent. Moreover, the proviso would have been valueless unless it ran against an order of suspension contained in the original judgment for it is only the court upon which the duty of pronouncing sentence devolves which has the power of suspension. The statute conferred the power of suspension only upon the " court or magistrate authorized to impose sentence upon conviction of any crime." The proviso was a restriction upon the power conferred by the section of which the proviso was a part. Necessarily, then, it must have inhibited the court which granted the judgment from then granting an order of suspension to take effect after service thereunder had begun. The proviso was a clear recognition of the common-law distinction between the judicial power to *postpone* the execution of a judgment and the executive power to *terminate* the service of a sentence thereunder. It seems clear to me, therefore, that in the case at bar the order clause which followed the indeterminate sentence pronounced, since it provided for a cessation of an imprisonment after its service had begun, was not a suspension of sentence which the court had a right to make. The relator derives much comfort from the fact that the section of the Penal Law referred to conferred the power to " suspend the execution of the whole or *a part* of the judgment." He evidently considered that the phrase " a part of the judgment " was the equivalent of the phrase " any part of the judgment." There is clearly no force in the argument, for a court which delayed the taking effect of a sentence would necessarily suspend the execution of " a part of the judgment." It seems to me, therefore, that we return to our original conclusion that the order contained in the judgment, if effective, would have violated the statutory

provisions in relation to an indeterminate sentence, the only sentence which the court had the power to impose, and the very sentence which it did impose. In my judgment it should be regarded as surplusage and, therefore, wholly ineffective. (*People ex rel. Paris* v. *Hunt,* 201 App. Div. 573, 574.)

The order should be reversed and the prisoner remanded.

All concur, except Cochrane, P. J., dissenting with an opinion.

Cochrane, P. J. (dissenting). Section 2189 of the Penal Law provides that a person never before convicted of a crime punishable by imprisonment in a State prison who is convicted in any court in this State of a felony other than murder, first or second degree, and sentenced to a State prison shall be sentenced thereto under an indeterminate sentence. Section 2188, as it was in 1923 when respondent was sentenced, provided in part as follows: " A court or magistrate * * * *whether the defendant has previously been convicted of a crime or not,* may suspend sentence or impose sentence and suspend the execution of the whole *or a part* of the judgment and may in either case place the defendant on probation in accordance with the provisions of section eleven-a of the Code of Criminal Procedure. *No provision of this chapter* or of the Code of Criminal Procedure or of any general statute shall be construed to prevent the court or magistrate authorized to impose sentence from exercising discretion to suspend sentence or suspend the execution of the whole *or a part* of the judgment or to place on probation as hereinabove provided." (Italics mine.) It is needless to say that the two sections must be construed together and it seems to me that any conclusion is fallacious which rests only on the construction of either section considered separate and apart from the other. It seems to me incorrect to say that the court was only empowered to impose an indeterminate sentence if by that is meant that the court could not in its discretion exercise its power of suspension in the manner and subject to the limitations provided in said section 2188. Under that section the court may, whether suspension is complete or partial and whether the defendant is or is not on probation, subsequently issue its process for his rearrest and impose the sentence which might have been imposed or order executed the part of the judgment the execution of which may have been suspended. Under such provisions the suspension either in whole or in part does not destroy the indeterminacy of the sentence. A defendant is at all times subject to the control of the court to the same extent that he is subject to the control of the Parole Board in cases where that Board may act. It is urged that this construction of the statute encroaches on the functions

of the Parole Board.   That argument applies equally whether the suspension is in whole or in part.   I think the Legislature intended to give the courts discretionary power, the exercise of which may in some cases overlap or even supersede the duties of the Parole Board.   There is nothing unreasonable or inconsistent in such legislation.   The court, however, must exercise its discretion when sentence is imposed.   That was held by this court in *People ex rel. Paris* v. *Hunt* (201 App. Div. 573; affd., 234 N. Y. 558).   Section 2188 contains specifically that requirement.   Nor do I see any encroachment on the pardoning power of the executive provided this power of suspension is exercised as the statute requires when sentence is imposed.   The Legislature certainly has the right to determine the duration of sentences and to give the court power when it imposes sentence to make it longer or shorter within certain limits and that is all that has been done in this case.   I do not understand that the right to suspend execution of the whole judgment is questioned and it seems to me illogical to hold that suspension of part but not the whole of the execution of a judgment is unconstitutional or inconsistent.   I do not see how this order can be reversed without ignoring entirely the words " whole or a part of " (judgment) in section 2188.   It is significant that the amendment of 1925 to that section strikes out those words wherever they occur, so that now the power to suspend in part the execution of a judgment is taken from the courts, but the respondent is entitled to the benefit of the statute as it was when he was sentenced. I, therefore, favor an affirmance of the order.

Order reversed on the law, and prisoner remanded.