Argued June 12, reversed October 8, petition for rehearing
denied November 19, 1958

# LEE *v.* GLADDEN

330 P. 2d 171
332 P. 2d 203

*Peter S. Herman,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

No appearance was made or brief filed for the respondent.

Before PERRY, Chief Justice, and ROSSMAN, LUSK, WARNER, McALLISTER and SLOAN, Justices.

PERRY, C. J.

This is an appeal from the judgment of the Marion County Circuit Court discharging the respondent, who we shall designate as plaintiff, from the State Penitentiary. From the order of discharge, through habeas corpus, the State has appealed.

■ The facts are not disputed. On July 8, 1954, plaintiff was sentenced by the Circuit Court of the State of Oregon for Multnomah County to five and ten years in the State Penitentiary for the crimes of burglary not in a dwelling house and assault and robbery, being armed with a dangerous weapon, the ten year sentence to run concurrently with the five year sentence. Such sentence was within the permissive provision of ORS 137.160, which reads:

> "If the defendant is convicted of two or more crimes before judgment on either, the judgment shall be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of such crimes."

Execution of the sentence, however, was suspended and plaintiff was placed on probation for a period of five years.

On March 5, 1955, plaintiff was convicted of the crime of burglary not in a dwelling house and was sentenced by the Circuit Court of the State of Oregon for Washington County to three years in the penitentiary. The next day he began service of that sentence. As a result of the Washington County conviction, the Circuit Court of Multnomah County on April 15, 1955, revoked the probation previously granted on the two suspended sentences heretofore described, and ordered that those sentences be executed. This action was taken pursuant to the statute then in force, ORS 137.550, prior to its amendment by Ch 688, Laws of 1955.

As to the suspended five-year sentence, the order reads:

"ORDERED that probation hereinbefore granted said defendant be, and the same is hereby revoked, and

"FURTHER ORDERED that the sentence heretofore imposed be executed, to-wit: that said defendant RICHARD ALAN LEE be imprisoned in the Oregon State Penitentiary for an indeterminate period of time, the maximum term of which shall be and is hereby fixed at five (5) years.

"FURTHER ORDERED that the above sentence is to run concurrently with a three (3) year sentence received on conviction in Washington County, Oregon, March 5, 1955."

As to the suspended ten-year sentence, the order reads:

"ORDERED that probation hereinbefore granted said defendant be, and the same is hereby revoked, and

"FURTHER ORDERED that the sentence heretofore imposed be executed, to wit: That said defendant RICHARD ALAN LEE be imprisoned in the Oregon State Penitentiary for an indeterminate period of time, the maximum term of which shall be and is hereby fixed at ten (10) years.

"FURTHER ORDERED that the above sentence is to run concurrently with a three (3) year sentence received on conviction in Washington County, Oregon, March 5, 1955, and sentence imposed under indictment C-32171 [the five-year sentence]."

By order of the Governor under ORS 421.120 the Washington County sentence was terminated on September 30, 1957. Thereafter the plaintiff instituted this habeas corpus proceeding in the Marion County court and a hearing was held on October 15, 1957. Plaintiff contended, and the Circuit Court found, that the orders of the circuit court of Multnomah County revoking probation were void in that these orders were in violation of that part of ORS 137.160 which reads:

"If the defendant is in imprisonment upon a previous judgment on a conviction for a crime, the judgment shall be that the imprisonment shall commence at the expiration of the term limited by the previous judgment."

The State admits the orders of the Circuit Court of Multnomah County, which directed that the two sentences run concurrently with the imprisonment which had already commenced under another sentence, were erroneous. It urges, however, that the error does not entitle the plaintiff to discharge from custody since the sentence is only erroneous and not void, in that the direction that the sentences run concurrently with the sentence imposed by the circuit court of Washington

County is merely surplusage and severable from the otherwise legal imposition of sentence.

We agree with this contention of the State that plaintiff is not now entitled to be discharged from custody.

In the case *In Re Duff,* 141 Mich 623, 105 NW 138, the trial court, contrary to the indeterminate sentence statute, had fixed the petitioner's maximum term of imprisonment. The court acknowledged that this was error by the circuit court but added, (p. 624):

"* * * striking out the provision for a maximum term, the sentence was a lawful sentence. The fixing of a maximum term of imprisonment was unauthorized and void. It was mere surplusage, as much so as though the sentence had provided what clothes the convict should wear, * * *. Rejecting the unauthorized and illegal surplusage, all of the elements of a strictly legal sentence remain." [105 NW at 138]

The court then ordered that the statutory provision as to maximum punishment be read into and considered a part of the sentence.

In *State v. Luke,* 42 Wn2d 260, 254 P2d 718, the defendant was convicted in two separate proceedings of the crime of forgery. The judgments provided that the twenty-year sentences be served concurrently. This was in conflict with the governing statute which required that the term of the second sentence should commence at the termination of the first. There was no question but that the court exceeded its authority and, therefore, the provisions of the judgment calling for concurrent service of the sentences were illegal. Defendant argued that the judgments should be vacated. The Court held that, even though the provisions in question were illegal, the judgment and sentences

were not void and that the concurrent proviso being separable from the rest of the judgments, this proviso was to be disregarded and the remainder of the judgments enforced. The statute was held to become a part of the judgments the same as if the court had complied with it.

In *United States v. Hunter,* 162 F2d 644, the judgment directed that a sentence for a subsequent crime be served concurrently with an unexpired portion of a prior sentence upon a prior conviction, the second crime having been committed while the petitioner, Quinn, was on parole. The Court remarked, in dealing with but one of the issues of the appeal:

"* * * Treating this concurrent direction as unauthorized it was merely surplusage and did not affect the legality of the five year sentence." [162 F2d at 648]

In *Ex Parte Sams,* (Fla.), 67 So2d 657, the petitioner in habeas corpus, had sentences imposed on four previous convictions, which, for purposes of explanation, we shall number 1, 2, 3, and 4. Sentence 1 was for five years. Sentence 2 was to begin to run at the completion of sentence 1. Sentence 3 was to begin to run at the completion of sentence 2. Sentence 4 was to run concurrently with sentence 1 and was, also, a five-year sentence. Sentence 1 was later declared void, and, after serving the time required by sentences 2 and 3, proceedings in habeas corpus were commenced, the contention being that since sentence 1 was void, sentence 4 could not run concurrently with it; that it must have run concurrently with sentences 2 and 3; and that the five years having run, petitioner was entitled to his release. The Court said:

"* * * As we view the matter, the condition in the 5-year sentence [sentence 4] * * * pre-

scribing that it should run concurrently with the 5-year sentence [sentence 1] * * * was wholly ineffective and should be regarded as surplusage." [67 So2d at 659]

The petitioner was required to serve this five-year sentence consecutively with the others as per statute.

■ That portion of the April 15, 1955 order revoking probation and providing for the five and ten-year sentences to run concurrently was perfectly valid and should be given effect. That portion of the order providing for service of the sentences concurrent with the three-year Washington county sentence, being void and severable, shall merely be given no effect whatsoever. The mandatory terms of the statute, ORS 137.550, must be read into and made a part of the orders of April 15, 1955. See *Fredricks v. Gladden,* 211 Or 312, 315 P2d 1010.

The judgment of the Circuit Court of Marion County discharging the plaintiff is reversed with directions to dismiss the writ of Habeas Corpus and remand the plaintiff to the custody of the warden of the penitentiary.

On Respondent's Petition for Rehearing
Former opinion filed October 8, 1958.
Ben F. Forbes, Portland, for the petition.

PERRY, C. J.

The petitioner again urges the same matters considered by us on the original appeal.

We should at this point take note of an error in our original opinion. In the next to the last paragraph we cited ORS 137.160 when we intended ORS 137.550, which deals with the powers granted circuit courts on revocation of a defendant's probation order.

Petitioner insists that the second sentence of ORS 137.160 must be considered as requiring the Circuit Court of Multnomah County at the time of its revoca-

tion of the petitioner's parole to direct that execution of its judgments not commence until the expiration of the sentence of the judgment of the Circuit Court of Washington County. Such effect given to this sentence would enlarge the term of petitioner's imprisonment, void the order revoking petitioner's probation, and result in a new and different sentence from that originally entered after the Circuit Court of Multnomah County had exhausted its jurisdiction by fixing the terms of imprisonment at the time the petitioner was convicted.

Perhaps the error in the citation of the statute, as above referred to, led petitioner to believe we recognized that the second sentence of ORS 137.160 was pertinent to this case. The second sentence of ORS 137.160 has no application whatsoever to the issues before us. That sentence specifically refers to and applies only to the subsequent pronouncement of a sentence upon a judgment of conviction had while the defendant is then confined in execution of a prior judgment. The facts set out in our original opinion disclose that the convictions and judgments of the Circuit Court of Multnomah County were prior in time to the conviction and judgment of the Circuit Court of Washington County.

No new judgment of sentence was imposed by the Circuit Court of Multnomah County when petitioner's period of probation was terminated. The trial court's revocation orders only directed that the previous judgments be executed.

As pointed out in our original opinion, the addition of the provision that the judgments of the Circuit Court of Multnomah County should be executed concurrently with the execution of the judgment of the Circuit Court of Washington County was erroneous.

It exceeded the powers granted the trial court on revocation of parole under ORS 137.550. It was, therefore, surplusage, but such surplusage, under the facts of this case, did not amount to a new judgment because the authority of the trial court was limited by ORS 137.550.

■ While it is true that a portion of the time of imprisonment imposed by the judgments in the cases in Multnomah County would run concurrently with the imprisonment of the defendant left unserved under the Washington County judgment, at the time defendant commenced execution of the Multnomah County judgments, it is likewise true that the Circuit Court of Multnomah County was without authority to order that its judgments run concurrently with the judgment of the Circuit Court of Washington County.

The petition for rehearing is denied.