Argued November 12, reversed December 9, 1959

# RIGHTNOUR *v.* GLADDEN

347 P. 2d 103

*Robert G. Danielson,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

*Thomas B. Brand,* Salem, argued the cause for respondent. With him on the brief was Richard D. Lee, Salem.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL and REDDING, Justices.

REDDING, J., (Pro Tempore)

This is a habeas corpus proceeding which was brought in the circuit court for Marion County by the

plaintiff, Earl Duane Rightnour, against Clarence T. Gladden, warden of the Oregon State Penitentiary, as defendant.

Upon a plea of guilty to a charge of larceny (over the value of $75), plaintiff, on August 11, 1958, was sentenced to the Oregon State Penitentiary by the circuit court of Marion County. The sentence of the court reads in part as follows:

> "IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that the defendant, Earl Duane Rightnour, be confined as a prisoner in the Oregon State Penitentiary at Salem, for a period of two (2) years, and nine (9) months; and

> "IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that execution of the last two years of said term in said penitentiary be suspended after defendant has served nine (9) months in said penitentiary, at which time he shall be placed on probation for a period of two (2) years, under the control and supervision of the Oregon State Board of Parole and Probation, * * *."

On April 2, 1959, the circuit court for Marion County issued a writ of habeas corpus upon the petition of plaintiff theretofore filed. In response to such writ, the warden of the Oregon State Penitentiary in his return admitted that he had plaintiff in his custody pursuant to the hereinabove-mentioned judgment and sentence of the circuit court for Marion County, and in said return alleged that such imprisonment had not expired or been terminated in any way.

In response to the return of the defendant the plaintiff in his Amended Traverse and Replication alleged in part as follows:

> "1. By the judgment order dated 11 August, 1958, * * * Plaintiff was sentenced to the Oregon State Penitentiary for a period of Nine (9)

months following which he was ordered to be placed on probation under the supervision of the Oregon State Board of Probation and Parole for a period of Two (2) years. Plaintiff has served the said period of Nine (9) months, and is therefore now entitled to be released from imprisonment in the Oregon State Penitentiary and the custody of defendant, and to be placed on probation under the control and supervision of the Oregon State Board of Parole and Probation for a period of Two (2) years, as ordered by the court.

"2. In the alternative, the said judgment order is wholly void and inoperative and of no force and effect, and is not severable, and the plaintiff is entitled to immediate and unconditional release from custody of defendant."

On May 11, 1959, the Honorable George R. Duncan, circuit judge for Marion County, made and filed his nunc pro tunc judgment of correction which reads in part as follows:

"JUDGMENT OF CORRECTION

"Whereas, on August 11, 1958, a Judgment was entered in the above case and is now of record in the Journal of the Court in Vol. 130 at Page 599, a portion of which reads as follows:

" 'IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that the defendant, Earl Duane Rightnour, be confined as a prisoner in the Oregon State Penitentiary at Salem, for a period of two (2) years, and nine (9) months; and

" 'IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that execution of the last two years of said term in said penitentiary be suspended after defendant has served nine (9) months in said penitentiary, at which time he shall be placed on probation for a period of two (2) years, under the control and supervision of the Oregon State Bd. of Parole and Probation, with the following conditions com-

prising the terms of such probation, to-wit: (1) That said defendant shall obey all laws and city ordinances. (2) That said defendant shall obey all the rules and regulations imposed upon him by said Bd. (3) That said defendant shall work out a program of restitution through the Parole Bd.'

"And, whereas, said portion is incorrect in some respects and does not correspond to the Judgment of the Court as shown by the notes kept by the undersigned, now, in order to make said Judgment correctly show the Judgment and Sentence of the Court, it is hereby

"ORDERED AND ADJUDGED that the above quoted portions of said Judgment are stricken from said Judgment and in lieu thereof there be and now is inserted therein, as and for August 11, 1958, the following to correctly reflect the sentence imposed by the Court at that time, to-wit:

"'IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that the defendant, Earl Duane Rightnour, be confined as a prisoner in the Oregon State Penitentiary at Salem, for a period of two (2) years and nine (9) months; and

"'IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that execution of the last two years of said term in said penitentiary is suspended and defendant placed on probation for the suspended period, under the control and supervision of the Oregon State Board of Parole and Probation, with the following conditions comprising the terms of such probation, to-wit:

"' * * * * *'

"IT IS FURTHER ORDERED AND ADJUDGED that all of the remaining provisions of said Judgment of August 11, 1958, remain in full force and effect."

On May 22, 1959, the lower court made and entered an order overruling defendant's demurrer to

plaintiff's Amended Traverse and Replication and directed that the plaintiff be released from confinement in the state penitentiary and placed on probation for a period of two years. The matter is before this court by reason of the overruling of defendant's demurrer and the resulting judgment of discharge.

The defendant argues that the circuit court had no jurisdiction to enter the judgment of correction after the expiration of the term in which the original judgment order was entered. Being of the opinion that the changes sought to be made by the judgment of correction will not materially affect the result herein, we need not here decide whether the court had jurisdiction to change the judgment as originally entered. We will for the purposes of this appeal assume without deciding that the court had jurisdiction to enter the judgment of correction. The only issue then before this court is the legal effect of the judgment of August 11, 1958, as corrected by the judgment of correction entered on May 18, 1959.

Defendant contends that the court had no right nor power in pronouncing sentence to provide in said judgment order that: "Execution of the last two years of said term in said penitentiary is suspended and defendant placed on probation for the suspended period * * *."

■ In the absence of express statutory authority granting the court the power to suspend execution of a sentence of confinement in the state penitentiary in part only, the court has no such authority.

In *Re Application of Raleigh Matthews*, 109 Or 88, 219 P 194, the sentence provided that the petitioner:

"* * * pay a fine of $250, including costs; or, in default thereof, that he be confined in the county jail for the period of 125 days; and I further

sentence him to be confined in the county jail for the period of 30 days, but it is hereby ordered said jail sentence be and stand suspended during defendant's good behavior."

The petitioner paid the fine and was subsequently committed to jail on order of the justice. In ordering the prisoner discharged, Mr. Chief Justice McBride, speaking for the court, stated:

"The judgment of a justice of the peace imposing imprisonment in a criminal action must be certain and not contingent or alternative. He has no power to pronounce a judgment and afterwards parole the offender, much less has he power, as in this instance, to suspend the operation of a judgment by making its operation depend upon some future event. * * *

"* * * * * *

"We wish to impress upon the minds of magistrates that it is their duty, when a defendant is convicted of violation of the liquor laws, or of any other crime, immediately to pronounce a direct and certain sentence, such as they deem adequate to punish the offense committed and to prevent others of like nature; and, having done so, their duties are at an end, leaving the matter of mitigation of the punishment to the executive authority, where it properly belongs: In re Webb, 89 Wis. 354, (62 N.W. 177, 46 Am. St. Rep. 846, 27 L.R.A. 356)."

In *Pagano v. Bechly,* 211 Iowa 1294, 232 NW 798, the court held:

"It is a fundamental doctrine that no court has an inherent power to suspend the operation of a sentence theretofore pronounced by it. * * * Stating it conversely, the power of the court to suspend sentence must come from statutory provisions and not otherwise, * * *."

See also *Peterson v. Flood,* 84 Ariz 256, 326 P2d 845; *Neal v. State,* 104 Ga 509, 30 SE 858; *People v. Barrett,* 202 Ill 287, 67 NE 23; *Ex Parte Silverman,* 69

Ohio App 128, 42 NE2d 87; *In re Markuson,* 5 N Dak 180, 64 NW 939; *State v. Smith,* 83 Okla Cr 188, 174 P2d 932; *Ex Parte Boyd,* 73 Okla Cr 441, 122 P2d 162; *Commonwealth v. Cain,* 345 P 581, 28 A2d 897; *State v. Gore,* 126 W Va 614, 29 SE2d 476; *Ex Parte Fisher,* 95 W Va 397, 121 SE 287; *In re Webb,* 89 Wis 354, 62 NW 177; *United States v. Wilson,* 46 F 748; *Affronte v. United States,* 350 US 79, 76 S Ct 171, 100 L ed 62.

In this state the authority of the courts to grant probation is found in ORS 137.510, which provides:

"(1) The courts having jurisdiction of criminal or quasi-criminal actions, including actions for violation of municipal ordinances, when it appears that the best interests of the public as well as of the defendant will be subserved thereby may:

"(a) Suspend the imposition or execution of sentence for any crime or offense for any period not to exceed five years; and may also

"(b) Place the defendant on probation for a definite or indefinite period not less than one nor more than five years.

"(2) The power of the judge of any court to suspend execution of sentence or to grant probation to any person convicted of a crime *shall continue until such person is delivered to the executive head of the penal, reformatory or correctional institution designated in the judgment.*" (Italics supplied.)

It will be observed that the authority to place a defendant on probation granted the courts by the above statute continues only "until such person is delivered to the executive head of the penal, reformatory or correctional institution designated in the judgment" and that such authority can be exercised in but two ways: (1) Where no sentence is imposed and a proper stay granted; and (2) where a sentence is

imposed and a stay of execution of sentence ordered by the court.

While the court under the statute has the authority to suspend execution of the whole sentence, the statutory limitation of the court's power to suspend the execution of sentence to the period of time anteceding the defendant's delivery "to the executive head of the penal, reformatory or correctional institution designated in the judgment" would inferentially divest the court of authority to suspend less than the whole.

■ A sentence must be in conformity with the requirements of the statutes governing the same.

ORS 137.120 provides:

"(1) Each minimum period of imprisonment in the penitentiary which prior to June 14, 1939, was provided by law for the punishment of felonies, and each such minimum period of imprisonment for felonies, hereby is abolished.

"(2) Whenever any person is convicted of a felony, *the court shall,* unless it imposes other than a sentence to serve a term in the penitentiary or of death, *sentence such person to imprisonment in the penitentiary for an indeterminate period of time, but stating and fixing in the judgment and sentence a maximum penitentiary term for the crime,* which shall not exceed the maximum term of imprisonment provided by law therefor; and judgment shall be given accordingly. Such a sentence shall be known as an indeterminate sentence." (Italics supplied.)

■ The above statute was obviously designed to leave indeterminate the portion of the maximum term of the sentence the prisoner would be required to serve. The terms of the statute, ORS 137.120, being mandatory in substance as well as in form, must be read into and considered a part of the judgment order. See *Lee v. Gladden,* 214 Or 601, 330 P2d 171, 332 P2d 203.

In *People v. Hunt,* 216 NYS 765, 217 App Div 428, under a statute similar to ours, the trial court on May 7, 1923, imposed a minimum sentence of five years. The judgment further provided:

"*   *   *   that on January 1, 1926, execution of sentence shall be suspended and defendant placed on probation for the balance of said term."

The Supreme Court, Appellate Division, in considering the quoted provision of the judgment order, referred to the statutory limitation of the court's power to suspend the execution of a sèntence to the period of time anteceding the defendant's imprisonment, and held:

"*   *   *   the order contained in the judgment, if effective, would have violated the statutory provisions in relation to an indeterminate sentence, the only sentence which the court had the power to impose, and the very sentence which it did impose. In my judgment, it should be regarded as surplusage and therefore wholly ineffective."

See also *Ex Parte Hutchinson,* 264 Ala 447, 87 So2d 847; *People v. Ramos,* 80 Cal App 528, 251 P 941; *State v. Superior Court* (Del), 141 A2d 468; *Ex Parte Jennings,* 46 Idaho 142, 267, P 227; *State v. Campbell* (Mo) 307 SW 2d 486; *State v. Abbott,* 87 SC 466, 70 SE 6; *Ex Parte Fisher,* supra; *Watkins v. Merry,* 106 F2d 360; *United States v. Greenhaus,* 85 F2d 116; *United States v. Praxulis,* 49 F2d 774; *White v. Burke,* 43 F2d 329; *Morgan v. Adams,* 226 F 719; 141 ALR 1225.

The legislature has conferred upon the warden of the Oregon State Penitentiary and the State Board of Parole and Probation the power, under certain circumstances, of shortening the sentences of persons incarcerated in the Oregon State Penitentiary.

ORS 421.120 provides:

"(1) Each prisoner now or hereafter confined, in execution of the judgment of sentence upon any conviction, in the pentitentiary, for any term other than life, and whose record of conduct shows that he faithfully has observed the rules of the institution, and where industry and general reformation are certified to the Governor by the warden of the penitentiary, shall be entitled, upon the order of the Governor, to a deduction from the term of his sentence to be computed as follows:  *  *  *."

ORS 144.240 provides:

"No prisoner in the state penitentiary shall be paroled unless it is the opinion of the board that, within a reasonable probability, the prisoner will, after parole, remain outside the institution without violating the law and that such release is not incompatible with the welfare of society."

ORS 144.250 provides:

"Good conduct and efficient performance of duties assigned in the state penitentiary will be factors considered by the State Board of Parole and Probation in granting parole."

It will be noted that under ORS 421.120, except where the sentence is for life, the warden, by certifying full compliance with the provisions of the statute to the governor, has the authority to shorten any sentence for good behavior, and the State Board of Parole and Probation has the authority to determine when a prisoner is a safe parole risk. ORS 144.240 and 144.250; *Fredericks v. Gladden,* 211 Or 312, 315 P2d 1010.

It is contended by the defendant, with justification, we think, that that portion of the sentence imposed herein which orders the prisoner released on probation after serving nine months violates ORS 137.120 by purporting to fix a minimum period of confine-

ment, after which the inmate is to be on probation for the remainder of the sentence, regardless of his conduct in prison and regardless of whether within a reasonable probability the prisoner will, after parole, remain outside the institution without violating the law. This would constitute an encroachment upon the executive duty of the warden and the governor under ORS 421.120, and with the executive duty of the Oregon State Board of Parole and Probation under ORS 144.240.

As Mr. Justice Stern, speaking for the court in *Commonwealth v. Cain,* supra, points out:

"The power to grant paroles is not inherent in courts; Pennsylvania courts never had such power until it was given to them by the Act of June 19, 1911, P.L. 1059, 61 P.S. § 314, and then only with respect to prisoners in county jails and workhouses. What the legislature thus gave it can take away again in whole or in part and vest in some other agency of government. The legislature has exclusive power to determine the penological system of the Commonwealth. It alone can prescribe the punishments to be meted out for crime. It can provide for fixed penalties or grant to the courts such measure of discretion in the imposition of sentences as it may see fit. It may enact that prison confinement shall be the punishment for crime or may abolish prisons altogether and adopt some other method of enforcing the criminal law. It may therefore establish a parole system by which prisoners shall, under certain conditions, be allowed to re-enter society through a gradual amelioration of their restraint and a substitution of controlled freedom for continued incarceration. The granting of parole and the supervision of parolees are purely administrative functions, and accordingly may be entrusted by the legislature to non-judicial agencies. What parole statutes give to the paroling authorities—in the present instance to the State Board of Parole—is in effect nothing

more than the fact-finding duty of determining in each case when the conditions prescribed by the legislature for provisional release from confinement have been complied with, and that duty may properly be placed in charge of an administrative tribunal as is so commonly done in other fields of governmental administration."

■ We hold that the court had no jurisdiction whatever by order, whether made prior or subsequent to plaintiff's incarceration in the Oregon Penitentiary, to provide for the release of the plaintiff on probation during the last two years of the court's sentence of two years and nine months' imprisonment in the Oregon State Penitentiary. The provision of the judgment order directing that the plaintiff be placed on probation upon the condition that he serve the first nine months of the sentence is void.

■ The general rule with reference to the effect of partial invalidity of a judgment is stated thus in 49 CJS, Judgments 881, § 405:

"A judgment is wholly void where it is void in part and the part which is void is not separable, but it is generally held that the fact that a judgment is void in part will not invalidate a separable remainder of the judgment."

In *Lee v. Gladden,* 214 Or 601, 330 P2d 171, 332 P2d 203, Mr. Justice PERRY, speaking for the court in holding void a portion of a judgment order revoking parole and directing that five and ten-year concurrent sentences previously imposed but suspended run concurrently with a three-year sentence then being served, had this to say:

"That portion of the April 15, 1955 order revoking probation and providing for the five and ten-year sentences to run concurrently was perfectly valid and should be given effect. That portion of the order providing for service of the sentences

concurrent with the three-year Washington county sentence, being void and severable, shall merely be given no effect whatsoever."

See also *Ex Parte Hutchinson,* supra; *People v. Ramos,* supra; *State v. Superior Court,* supra; *Ex Parte Jennings,* supra; *State v. Campbell,* supra; *People v. Hunt,* supra; *State v. Abbott,* supra; *Ex Parte Fisher,* supra; *Watkins v. Merry,* supra; *Morgan v. Adams,* supra; 141 ALR 1225.

■ That portion of the judgment order which directed "that execution of the last two years of said term in said penitentiary is suspended and defendant placed on probation for the suspended period * * *" while void is clearly severable and should therefore be treated as surplusage. The remaining portion of the judgment, being valid and severable, should be given effect.

■ In view of the fact that the experienced and able trial judge after the plaintiff served nine months' imprisonment, continued to feel as he did at the time he imposed sentence, that the plaintiff should not be required to serve more than nine months of the sentence, we question whether because of the invalidity of the provision of the judgment order the plaintiff should now be required to serve the remaining two years of the sentence. However that may be, we are powerless to release the plaintiff therefrom. His recourse must be to the executive branch for parole or pardon. In order to afford plaintiff an opportunity to seek such relief, the mandate will be withheld 60 days.

The judgment of the circuit court discharging the plaintiff is reversed with directions to dismiss the writ of habeas corpus and remand the plaintiff to the custody of the warden of the penitentiary.