Archibald C. Wemple, J.
After the defendant was sentenced on September 22, 1958, an appeal was taken to this court and a decision affirming the verdict of the Court of Special Sessions was rendered on June 23, 1959. Thereafter, an appeal was taken to the New York State Court of Appeals and on August 3, 1959, Judge Conway denied the appeal. On August 15, 1959 the defendant was taken into custody to begin the jail sentence of 90 days that had been imposed by the Court of Special Sessions.
After the defendant had been incarcerated for three days, on August 18, 1959, an application was made to Judge Ostrander by the defendant’s attorney to modify the jail sentence. This was done and the sentence was reduced from 90 days to 45 days.
On September 23, 1959 the defendant was released from the County Jail under the modified sentence.
The District Attorney argues that the modification was illegal and that it was contrary to section 470-a of the Code of Criminal Procedure and section 2188 of the Penal Law. The defendant *862 claims that the sentencing Judge can always correct his own judgment and cites section 764-a of the Code of Criminal Procedure as his authority. Also, the defendant claims that no appeal lies to the People on this matter and that they are in court improperly. The defendant contends that the People’s remedy is an article 78 proceeding.
The question presented here is whether or not the Court of Special Sessions could modify the defendant’s sentence once he started serving it. This court feels constrained to uphold the District Attorney’s argument. The language of section 470-a of the Code of Criminal Procedure and section 2188 of the Penal Law, after reciting the circumstances under which a sentence may be suspended or modified, says: 11 Provided, however, that the imprisonment directed by the judgment shall not be suspended or interrupted after such imprisonment shall have commenced.”
Chief Judge Conway, of the Court of Appeals, in speaking about these two sections, in People ex rel. Rainone v. Murphy (1 N Y 2d 367, 373) said: “ The above statutes expressly prohibit a court or judge from interrupting a prisoner’s sentence after such imprisonment shall have commenced ’ ’, citing People ex rel. Paris v. Hunt (201 App. Div. 573, affd. 234 N. Y. 558). This court feels that this language is too unequivocal to arrive at any interpretation other than holding that the modification of the defendant’s sentence after he had commenced serving his jail sentence, was illegal.
Furthermore, this court does not feel that the People are in court improperly by virtue of an appeal from this modified sentence. Certainly the defendant could have appealed from an excessive sentence as being illegal. Surely now the People have the same right under section 518 of the Code of Criminal Procedure to appeal from an order they consider an illegal sentence. The court finds, therefore, that the order appealed from was illegal and that it must be reversed, and that the defendant must serve the remainder left on his jail sentence.
Order reversed. Enter order accordingly.