Argued and submitted January 24, reversed and remanded February 28, 1984

RICHARD A. CASSELL,
*Petitioner on review,*

*v.*

CUPP,
*Respondent on review.*

(No. 122,480, CA A27875, SC S30006)

677 P2d 693

Michael Curtis, Salem, argued the cause and filed the petition and brief for petitioner on review.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent on review. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Linda Acaldo, Assistant Attorney General, Salem.

JONES, J.

## JONES, J.

Petitioner was convicted of robbery in the first degree. On March 22, 1978, he was sentenced to 20 years' imprisonment. The sentencing court ordered petitioner's sentence to run concurrently with a previously imposed 20-year sentence for a robbery conviction in the state of Washington. Petitioner was returned to Washington to resume serving his Washington sentence, which commenced October 11, 1976. On November 20, 1979, he was paroled from Washington to the custody of the Oregon Corrections Division. He has not been given credit for the time served in Washington.

Petitioner filed this post-conviction proceeding, arguing that the imposition of a concurrent sentence was improper and requesting that the case be remanded to the trial court for resentencing. The post-conviction court held that the concurrent sentencing was improper and severed that part of the sentence which ordered the Oregon sentence to run concurrently with the Washington sentence. The post-conviction court denied petitioner's request to be resentenced.

The Court of Appeals affirmed without opinion. Petitioner seeks to have this court reverse the Court of Appeals and remand this case to the trial court for resentencing.

Petitioner points out that the sentencing court was without authority to order his sentence to run concurrently with the Washington sentence.[1] He argues that the sole remedy for that erroneous sentence is resentencing. He contends that the sentencing court might have imposed a lesser sentence had it known that it was without authority to impose a concurrent sentence. Further, he claims that the effect of the post-conviction court's severance of the void part of the judgment is that his Oregon sentence will run consecutively to the Washington sentence. Finally, petitioner argues he will be

---

[1] At the time of sentencing, no statute authorized imposition of concurrent time in separate institutions. Later, in 1981, ORS 137.370 was amended to allow for the imposition of concurrent sentences:

"(4) Unless the court expressly orders otherwise, a term of imprisonment shall be concurrent with the remainder of any sentence previously imposed at the time the court imposes sentence. This subsection applies whether the earlier sentence was imposed by the same or any other penal institution." Or Laws 1981, ch 424, § 2.

prejudiced by the post-conviction court's failure to remand for resentencing.

The state concedes that at the time of the sentencing, a court in Oregon lacked authority to impose concurrent sentences to be served in different jurisdictions. *See, State v. Nelson,* 246 Or 321, 325, 424 P2d 223, *cert den* 389 US 1061 (1967). That portion of the sentence ordering concurrent time clearly was illegal and void. The issue is whether the sentencing judgment remains valid after the void portion is severed from the remainder of the sentencing judgment.

In 1959, this court in *Rightnour v. Gladden,* 219 Or 342, 354, 347 P2d 103 (1959), quoted 49 CJS, Judgments 881, § 450, as authority for the legal proposition that:

> "A judgment is wholly void where it is void in part and the part which is void is not separable, but it is generally held that the fact that a judgment is void in part will not invalidate a separable remainder of the judgment."

In *Rightnour v. Gladden, supra,* the sentencing judge ordered the prisoner confined in the Oregon State Penitentiary for two years and nine months and then suspended execution of the last two years, placing the prisoner on probation for that period of time. After holding that the trial court had no power to suspend part of the execution of a sentence of confinement in the state penitentiary, this court treated that portion of the sentencing judgment as surplusage and severed it. This action left the prisoner with two years and nine months to serve in the penitentiary instead of nine months. This court held the mandate for 60 days in order for the prisoner to request equity from the executive branch for parole or pardon.

*Lee v. Gladden,* 214 Or 601, 330 P2d 171, *reh den* 332 P2d 203 (1958), is similar to the case at bar. In that case, a sentencing judge ordered a sentence to run concurrently with another sentence, which under then-existing law was concededly erroneous. The law in that case, as here, required consecutive time. The court, as it later did in *Rightnour v. Gladden, supra,* treated the "concurrent" language as surplusage and denied the prisoner relief. The court held that the portion of the sentence which was legal should be given effect and that the void and severable portion "shall merely be given no effect whatsoever." 214 Or at 607. Whether the prisoner

had been prejudiced by the severance was not as clear in *Lee* as it was in *Rightnour.*

 Although it has been said that a judgment which is void in part is not invalid if the void portion can be separated from the remainder of the judgment, *Continent Foods Corp. v. National-Northwood, Inc.,* 470 SW2d 315 (Mo Ct App 1971); *Kimbrough v. Parker,* 344 Ill App 483, 101 NE2d 617 (1951); *Angel v. Mellen,* 48 Idaho 750, 285 P 461 (1930), we hold that if the state attempts to enforce a sentencing judgment which is valid in part and void in part, the state has the burden of proving that the void portion can be severed without prejudice to the defendant. For instance, if a sentencing judge imposed a five-year prison term and, in addition, ordered a defendant to pay general damages to a crime victim in violation of ORS 137.103(2), *see State v. Stalheim,* 275 Or 683, 552 P2d 829 (1976), the restitution portion of the judgment could be severed once the state proves that the defendant would not be prejudiced by the severance. Similarly, under existing law, if a sentencing judge imposed a minimum term on a life sentence, the minimum term portion of the judgment could be severed, *see State v. Macy,* 295 Or 738, 671 P2d 92 (1983). However, if neither the retention nor the removal of the void portion cures the defect in the judgment, severance is inapplicable and the entire judgment is void. In such a case the defendant must be resentenced.

 Ironically, it was petitioner, through his lawyer, who requested the concurrent sentence, stating:

> "My only comments in conclusion would be to request that the Court give favorable consideration to the fact in this particular incident there was the involvement of the older brother and also an older cousin. Rick is of a younger age, age 20, and that since his incarceration in Washington there has been a tremendous change in his behavior. I would respectfully request any sentence imposed by the Court the Court allow him to serve this concurrently with the sentence now imposed by the State of Washington."

The court granted this request. The sentencing judge explained the reasons for his sentence as follows:

> "* * * In weighing your case, Mr. Cassell, I do find and feel that you have proven yourself to be a dangerous individual and for the protection of society I have to deal with you

accordingly. I am taking into consideration the pre-sentence report and it indicates that your release date will be approximately, as I recall, eight years and in weighing the involvement of both you and your brother I do feel that there would be no useful purpose served in making a sentence run consecutive with that that you are serving in the State of Washington.

"I'll commit you to the legal and physical custody of the Correctional Division of the State of Oregon for a period without limitation of time with a maximum set at twenty years.

"Now, this is a maximum sentence but after you have served the time and are to be released from the State of Washington, at that time your situation should be such that the Oregon authorities will also consider paroling you as well but the sentence will run concurrent with that that you are presently serving in the State of Washington."

At the time of this sentence, under then-existing law, had the judge said nothing about concurrent or consecutive time, the Oregon sentence would have run consecutively to the Washington sentence. Of course, if he had ordered the sentence to run consecutively to the Washington sentence, it would have. Instead, the judge made a conscientious effort to grant some relief to the young offender and specifically rejected consecutive time. If we sever the sentence and, by judicial action, eliminate the words from the sentence ordering concurrent time, the effect will be exactly opposite to what the sentencing judge intended.

Consecutive time means that the defendant will not receive any good time in Oregon for the time he served in Washington from March 22, 1978, to November 20, 1979. He is presently scheduled to be released on parole in January, 1987, after serving 86 months in the Oregon State Penitentiary. We note from the judge's sentencing comments that he estimated the petitioner would be serving approximately eight years before his release date; apparently the judge wanted the Washington time to be deducted from the term of imprisonment imposed in Oregon. It was not. Disregarding parole release dates, which may vary in the future depending on the membership of the Parole Board, *see State v. Turner,* 296 Or 451, 676 P2d 873 (1984), we think that the trial judge might have decided to impose a less severe sentence in Oregon if he

had known that the sentences must run consecutively. In fact, we infer from the sentencing judge's comments about the possibility that petitioner might be considered for parole in Oregon after serving his time in Washington, that had the sentencing judge known the petitioner's term would run consecutively instead of concurrently, he might have chosen to suspend execution of the sentence in Oregon and place the petitioner on probation. We do not know what the sentencing judge would have done had he known about the legal infirmity in his sentence or what he would do if this case were to be remanded for resentencing. The state has not demonstrated that the severance of the void portion of the judgment, which left petitioner with a consecutive sentence never envisioned by the sentencing judge, would not prejudice petitioner.

The Court of Appeals is reversed and the case is remanded to the circuit court for resentencing.